IN RE the MARRIAGE OF:

Patrick L. WOLFE, Petitioner-Respondent,

v.

MELANIE A. WOLFE, Respondent-Appellant.

Court of Appeals

*No. 99–2201. Submitted on briefs March 6, 2000.—Decided March 28, 2000.*

## 2000 WI App 93

(Also reported in 610 N.W.2d 222.)

450

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Susanne M. Glasser* of *Bye, Goff & Rohde, Ltd.* of River Falls.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Katherine R. Kruse* and *Katherine Kruger* of *Frank J. Remington Center, University of Wisconsin Law School* of Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Melanie Wolfe appeals the circuit court's order permitting her ex-husband, Patrick Wolfe, to have written contact with their son by mail. Melanie contends that the circuit court misconstrued WIS. STAT. § 767.24(4) (1997–98).[1] Specifically, Melanie claims that the court erred by failing to require that Patrick prove that his proposed contact was in the child's best interest and instead placing on her the burden of proving that Patrick should have no contact with their son. She also contends that the court failed to provide adequate reasons for permitting contact between Patrick and their son.

¶ 2. We determine that WIS. STAT. § 767.24(4) requires the court to allocate periods of placement between the parents. We further hold that where a parent seeks not to allocate, but rather to deny all contact, that parent has the burden to prove the contact endangers the child's physical, mental or emotional health. Because Melanie sought to have the court deny all contact between Patrick and their son, she had the burden of proving that contact endangered the child. She failed to meet her burden. Therefore, the statute required the court to allocate some level of contact with Patrick. In so doing, the court properly exercised its discretion by permitting the proposed mail contact. Accordingly the order is affirmed.

## BACKGROUND

¶ 3. Melanie and Patrick were divorced in 1997. The divorce judgment awarded sole custody to Melanie, but left open the issue of physical placement. At the

---

[1] We quote and discuss WIS. STAT. § 767.24(4) in the opinion's text. All references to the Wisconsin Statutes are to the 1997–98 version.

time of the divorce, Patrick had been convicted of soliciting Melanie's murder and was in prison serving a ten-year term. Patrick's mandatory release date is sometime during the year 2002.

¶ 4. Patrick has not had contact with his son since 1996 for a variety of reasons. In November 1997, Patrick petitioned the court for "temporary placement." Specifically, he proposed that he be permitted to have mail contact with their son through the boy's paternal grandparents. The court held that motion in abeyance until other proceedings involving the parties were resolved.

¶ 5. In January 1999, the court heard Patrick's motion.[2] Patrick, contemplating an eventual release from prison, testified that he desired to initiate limited contact with their son to begin building a relationship. He also testified that he had received some counseling while in prison and completed domestic relations and living skills classes. Patrick believed that the contact was in his son's best interest.

¶ 6. Melanie testified that not only did she believe the proposed contact was not in their son's best interest, but she opposed all contact between their son and Patrick. She acknowledged, however, that their son had asked questions about his father and that the proposed contact posed no physical threat to her or their son.

¶ 7. The guardian ad litem reported that the child had developed some bonds with his paternal relatives. The report further indicated that the child knew he had a father but did not see or talk to him because his father had tried to hurt his mother. The court noted the strong emotions and animosity in the proceedings

---

[2] The parties' son was five years old at the time of the hearing.

and suggested that a psychologist could assist the court. No psychological report was prepared, however, because the parties could not afford one.

¶ 8. The circuit court determined that WIS. STAT. § 767.24 governs not only physical placement of children with their parents but also contact between parents and children.[3] It concluded that § 767.24(4) contains a legislative determination that absent the finding of endangerment, some contact or placement is in the child's best interest. The court determined that under § 767.24(4)(b), denying all contact is permissible only upon a finding that the child's physical, mental or emotional health is endangered. It allocated the burden of proving endangerment to Melanie because she sought to prevent all contact. The court determined that Melanie failed to meet this burden, and therefore it could not prohibit all contact between Patrick and their son. The court, considering the child's best interest, determined that written communication was reasonable and required that the court and Melanie receive copies of the correspondence. Melanie appeals the order.

## ANALYSIS

¶ 9. Melanie raises three different issues with differing standards of review. We shall set forth our standard of review as we address each issue.

¶ 10. Melanie initially challenges the circuit court's interpretation of WIS. STAT. § 767.24(4). She contends that the only appropriate inquiry for the circuit court was the child's best interest. The interpretation

---

[3] No one disputes that WIS. STAT. § 767.24 governs Patrick's attempts to have mail contact with his son.

454

of § 767.24(4) is a question of law that we review de novo. *See State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). The purpose of statutory interpretation is to discern the legislature's intent. *See id.* at 406. To do so, we first consider the statute's language. If the language clearly and unambiguously sets forth the legislative intent, we apply that intent to the case at hand and do not look beyond the statutory language to ascertain its meaning. *See id.*

■

¶ 11. We conclude that WIS. STAT. § 767.24(4), by its terms, unambiguously requires that before a court may deny all placement or contact with a parent, it must find that the placement or contact would endanger the child's physical, mental or emotional health. Subsection (4) provides, in relevant part:

> (4) ALLOCATION OF PHYSICAL PLACEMENT. (a) Except as provided under par. (b), if the court orders sole or joint legal custody under sub. (2), the court shall allocate periods of physical placement between the parties in accordance with this subsection. In determining the allocation of periods of physical placement, the court shall consider each case on the basis of the factors in sub. (5).
>
> (b) A child is entitled to periods of physical placement with both parents unless, after a hearing, the court finds that physical placement with a parent would endanger the child's physical, mental or emotional health.

The statute's meaning is clear on its face; the court *shall* allocate periods of physical placement. The "statute starts with the presumption that both parents will have . . . periods of physical placement." *Jocius v. Jocius*, 218 Wis. 2d 103, 112, 580 N.W.2d 708 (Ct. App. 1998). Notwithstanding the presumption of physical

placement, a court can deny a parent placement if it determines that "placement with a parent would endanger the child's physical, mental or· emotional health." WIS. STAT. § 767.24(4)(b). Absent that finding, the statute requires the court to allocate periods of physical placement between the parents utilizing the best interest of the child to guide its decision.

¶ 12. We also agree with the circuit court's conclusion that WIS. STAT. § 767.24(4) contains a legislative determination that absent the finding of endangerment, some contact or placement is in the child's best interest. The legislature provided that a child is "entitled to periods of physical placement with both parents" unless there is a finding of endangerment.

¶ 13. Melanie directs our attention to a Legislative Council Note concerning proposed revisions to WIS. STAT. § 767.24. She claims the note supports her interpretation that a court may base a decision to prohibit all contact on the best interest of the child standard.[4] She does not explain why we would consider the legislative history when the statute's language is clear on its face. "If the meaning of the statute is plain, we are prohibited from looking beyond the language to ascertain its meaning." *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996). Moreover,

---

[4] The specific language she directs us to is "[w]henever it orders sole or joint legal custody to parents, the court is required to allocate periods of physical placement between the parents unless it finds that such allocation is not in the best interest of the child." Legislative Council Note, 1987, WIS. STAT. ANN. § 767.24 (West 1993). She does not relate the language she cites from a comment on the bill proposed by the Legislative Council to the legislation enacted. Her argument is at best underdeveloped.

under her reading of the statute, para. (4)(b) would have no meaning. We will not adopt a statutory interpretation that renders a portion of the statute meaningless. *See Setagord*, 211 Wis. 2d at 427 ("Statutes are to be construed to avoid rendering any part of the statute meaningless or superfluous.").

¶ 14. Next, Melanie complains that she should not have the burden of proving endangerment. She points out that this is Patrick's motion, not hers, and that a party seeking an award of temporary placement has the burden to show that the award is in the child's best interest. A circuit court's allocation of the burden of proof and its determination whether a party has met the burden of proof are questions of law we review de novo. *See Hallin v. Hallin*, 228 Wis. 2d 250, 256, 258, 596 N.W.2d 818 (Ct. App. 1999).

¶ 15. "A party seeking judicial process to advance [her] position carries the burden of proof." *Loeb v. Board of Regents*, 29 Wis. 2d 159, 164, 138 N.W.2d 227 (1965). Here, Patrick had no contact with his son for a substantial time and sought only minimal contact. Melanie, on the other hand, opposed any contact at all. That she did so in a proceeding initiated by Patrick is not determinative of the burden of proof allocation issue. She sought to use the judicial process to prevent all contact between Patrick and their son. In order for the court to deny all contact, it would necessarily have to find that contact with Patrick would endanger the child's physical, mental or emotional health. Because Melanie advanced that position, she had the burden of proof on that issue.

¶ 16. Melanie failed to meet her burden of proof. The only evidence she offered was her own testimony.

She acknowledged that the child's physical health would not be endangered by the proposed contact. She opined that contact would endanger the child's mental or emotional health, but she failed to specifically address how the proposed contact would so endanger their son.

¶ 17. Finally, Melanie complains that the court failed to consider the factors in WIS. STAT. § 767.24(5) or explain how the contact was in the child's best interest when it granted Patrick written contact with their son.[5] The circuit court has broad discretion with

---

[5] WISCONSIN STAT. § 767.24(5) provides:

FACTORS IN CUSTODY AND PHYSICAL PLACEMENT DETERMINATIONS. In determining legal custody and periods of physical placement, the court shall consider all facts relevant to the best interest of the child. The court may not prefer one potential custodian over the other on the basis of the sex or race of the custodian. The court shall consider reports of appropriate professionals if admitted into evidence when legal custody or physical placement is contested. The court shall consider the following factors in making its determination:

(a) The wishes of the child's parent or parents.

(b) The wishes of the child, which may be communicated by the child or through the child's guardian ad litem or other appropriate professional.

(c) The interaction and interrelationship of the child with his or her parent or parents, siblings, and any other person who may significantly affect the child's best interest.

(d) The child's adjustment to the home, school, religion and community.

(e) The mental and physical health of the parties, the minor children and other persons living in a proposed custodial household.

(f) The availability of public or private child care services.

(g) Whether one party is likely to unreasonably interfere with the child's continuing relationship with the other party.

(h) Whether there is evidence that a party engaged in abuse, as defined in s. 813.122 (1) (a), of the child, as defined in s. 48.02 (2).

respect to placement determinations, the exercise of which will be given great weight on review. *See Jocius*, 218 Wis. 2d at 111 (citing *Schwantes v. Schwantes*, 121 Wis. 2d 607, 622, 360 N.W.2d 69 (Ct. App. 1984)). Courts, however, have no power in awarding placement other than that provided by statute. *See id.* We will sustain an exercise of discretion as long as the court considered the facts of record in light of the proper legal standard and reached a reasoned and reasonable decision. *See Bohms v. Bohms*, 144 Wis. 2d 490, 496, 424 N.W.2d 408 (1988). We may independently search the record to determine whether additional reasons exist to support the trial court's exercise of discretion. *See Stan's Lumber v. Fleming*, 196 Wis. 2d 554, 573, 538 N.W.2d 849 (Ct. App. 1993).

¶ 18. As indicated above, WIS. STAT. § 767.24(4) evinces a legislative determination that absent a finding of endangerment, some contact or placement is in the best interest of the child. Because Melanie failed to prove that contact would endanger the child's physical, mental or emotional health, the court was required under § 767.24(4) to allocate some contact with Patrick. Although the court did not go into great detail justifying its decision, it granted only the extremely limited contact requested, perhaps the minimal possible. Its order permits Patrick to send letters to his parents, who will read the letters to his son. The court and Melanie will receive copies of the letters. In light of

___

(i) Whether there is evidence of interspousal battery as described under s. 940.19 or 940.20 (1m) or domestic abuse as defined in s. 813.12 (1) (a).

(j) Whether either party has or had a significant problem with alcohol or drug abuse.

(k) Such other factors as the court may in each individual case determine to be relevant.

the legislative presumption and minimal contact ordered, it was not necessary for the court to go to further lengths to support its exercise of discretion. Moreover, the record supports the decision.[6] Because a rational basis supports the trial court's discretionary decision, it will not be reversed on appeal.

## CONCLUSION

¶ 19. We determine that under WIS. STAT. § 767.24(4), a parent seeking to deny all contact has the burden of proving that contact would endanger the child's physical, mental or emotional health. Because Melanie requested that the court deny all contact between Patrick and their son, she had the burden of proving that contact would endanger the child. She failed to meet her burden. Therefore, the statute required the court to allocate some level of contact with Patrick. In so doing, the court properly exercised its discretion by permitting the proposed mail contact. Accordingly the order is affirmed.

*By the Court.*—Order affirmed.

---

[6] For example, Patrick received counseling in prison and completed domestic relations and living skills classes. Further, the child had asked questions about his father and had developed bonds with his paternal relatives.