Gary RICHARDS,
Plaintiff-Respondent-Petitioner,

v.

FIRST UNION SECURITIES, INC., Defendant-Appellant.

Supreme Court

*No. 2004AP1877. Oral argument March 21, 2006.
—Decided May 31, 2006.*

2006 WI 55

(Also reported in 714 N.W.2d 913.)

For the plaintiff-respondent-petitioner, there were briefs by *James Bolt* and *James A. Bolt Law Office,* Fitchburg, and oral argument by *James Bolt.*

For the defendant-appellant, there was a brief by *Michael H. Schaalman, Robert J. Pluta, Brian D. Winters,* and *Quarles & Brady LLP,* Milwaukee, and oral argument by *Michael H. Schaalman.*

¶ 1. N. PATRICK CROOKS, J. Petitioner Gary Richards (Richards) seeks review of a published court of

appeals' decision[1] reversing the circuit court's denial of defendant First Union Securities, Inc.'s (First Union) motion to reopen a default judgment against it pursuant to Wis. Stat. § 806.07 (2003–04).[2] We address two issues on appeal. First, which party has the burden of proof on a motion under § 806.07 to set aside or vacate a default judgment, where the motion involves the question of whether the service was proper? Second, how should a court construe the terms "officer, director or managing agent" pursuant to Wis. Stat. § 801.11(5)(a)?

¶ 2. We reverse the decision of the court of appeals. We hold that the burden of proof is on the party seeking, pursuant to Wis. Stat. § 806.07, to set aside or vacate a default judgment, where the question of proper service is involved. Furthermore, we determine that the test set forth in *Carroll v. Wisconsin Power & Light Co.*, 273 Wis. 490, 79 N.W.2d 1 (1956), is the appropriate one to determine who is a managing agent pursuant to Wis. Stat. § 801.11(5)(a). We remand this case to the circuit court for further action consistent with this opinion, including evidentiary proceedings involving an application of the *Carroll* test, as well as providing an opportunity for a thorough review and explanation on the issue of whether the motion of First Union was timely, and whether Ronald McGrath (McGrath) was an officer, director, or managing agent of First Union. Upon remand, the circuit court must make findings of fact and conclusions of law relating to the evidence which will be presented to it.

---

[1] *Richards v. First Union Sec., Inc.*, 2005 WI App 164, 284 Wis. 2d 530, 702 N.W.2d 45.

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

¶ 3. On July 23, 2002, Richards filed an action in Waukesha County Circuit Court against First Union,[3] in part to recover investment losses as the result of alleged violations of the antifraud sections of the Wisconsin Uniform Securities Law. The next day Richards' process server, Carlton Manske (Manske), attempted to serve a copy of the summons and complaint on the defendant by serving Kim Wisniewski (Wisniewski), the operations manager of First Union's Brookfield branch. According to Manske's affidavit, upon arriving at First Union's Brookfield branch, he stated the purpose of his appearance, asked the office personnel to identify and direct him to the individual authorized to accept service for the corporation, and confirmed the individual's authority to accept service. Manske was directed to Wisniewski, who accepted service. Manske later filed with the circuit court an affidavit, which indicated that the manner of service was "Corporate Service: by leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof."

¶ 4. In September 2002 First Union contacted Richards to inform him that he had signed an arbitration agreement that required him to arbitrate his disputes. Richards consented to stay the court case in favor of arbitration on the condition that First Union initiate a National Association of Securities Dealers, Inc.'s arbitration and pay the filing fee. On October 29, 2002, Richards sent a letter to First Union indicating that if the arbitration fee was not paid by November 5, 2002, he would withdraw the offer to arbitrate and

---

[3] Since the initiation of this action, Wachovia Securities acquired First Union Securities, Inc.

proceed with the lawsuit. First Union failed to pay the arbitration fee or file an answer to the action. On November 12, 2002, Richards filed, in the circuit court, a motion for a default judgment, which included an affidavit from his counsel, James Bolt, stating that the summons and complaint were duly filed and served on the defendant's registered agent. The circuit court granted the motion.

¶ 5. One year later, on November 13, 2003, Richards sent First Union a letter demanding payment of the default judgment in the amount of $72,448.34, plus interest accrued since the date of the judgment. Richards began garnishment proceedings when First Union failed to pay. First Union filed an answer to the garnishment on February 9, 2004, and a motion to reopen the default judgment on February 25, 2004. It apparently based its motion on Wis. Stat. § 806.07(1)(d) and (h).

¶ 6. First Union's motion to reopen the default judgment was based, in major part, on a claim of insufficient service of process under Wis. Stat. § 801.11. The motion asked that the court dismiss Richards' claims, or alternatively, First Union asked the court to issue a stay pending arbitration pursuant to Wis. Stat. § 788.02. First Union included, in support of its motion, affidavits from the branch manager of its Brookfield office, McGrath, and Wisniewski. Wisniewski's affidavit stated that she was not an officer, director, or managing agent of First Union, nor was she authorized to accept service. She asserted that her duties were limited to ensuring that the brokers of the Brookfield office properly filled out forms for compliance with the rules and policies of First Union. Similarly, McGrath's affidavit stated that he was not an officer, director, or managing agent of First Union, nor was he authorized to accept

service; however he did acknowledge that he was the person in charge of the Brookfield branch office during the entire year of 2002. McGrath also claimed that there were no officers, directors, or managing agents of First Union in Wisconsin, and that there were no employees or persons otherwise authorized to accept service in the state, except its registered agent. He further stated that First Union was a foreign corporation, with CSC-lawyers Incorporating Service located in Madison as its registered agent to accept service in Wisconsin.

¶ 7. The circuit court, Judge Robert G. Mawdsley presiding, denied First Union's motion, concluding "the record clearly reflects that defects in personal service were waived."

¶ 8. First Union appealed the decision of the circuit court. On appeal, Richards filed a motion to strike the portion of First Union's brief that asserted that, based on McGrath's affidavit, the wrong office was served because Richards claimed McGrath's status was never an issue in the circuit court, and thus was being improperly raised for the first time on appeal. In the alternative, Richards sought to amend the record on appeal to include a statement made by McGrath in an affidavit in a different case, *Wachovia Securities v. Eberle,*[4] (*Eberle* affidavit). In the *Eberle* affidavit, McGrath stated he was a "Senior Vice President at Wachovia Securities and the Branch Manager of the Wachovia Securities office located in Brookfield, Wisconsin. [His] responsibilities include supervising and training the employees in Wachovia's Brookfield office." The court of appeals denied Richards' motion to strike, holding that the factual assertion was made in the

---

[4] Waukesha County Case No. 03CV2295 (September 23, 2003).

circuit court, although not specifically litigated or addressed by the circuit court. Furthermore, the court of appeals denied Richards' motion to amend the record to include reference to the *Eberle* affidavit.

¶ 9. In a split decision, the court of appeals reversed the circuit court and allowed First Union to reopen the default judgment pursuant to Wis. Stat. § 806.07. The majority held that First Union did not waive its right to object to the lack of personal jurisdiction. Furthermore, based on the affidavits of Wisniewski and McGrath, the court of appeals held that Wisniewski was not a managing agent of First Union upon whom corporate service could be made directly, and McGrath, as the branch manager of the Brookfield branch office, also was not a managing agent of First Union. Consequently, the service did not constitute proper service on the office of a managing agent under the alternative service option of Wis. Stat. 801.11(5)(a), which provides that "[i]n lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Wis. Stat. § 801.11(5)(a). Therefore, since Richards had failed to comply with the rules for service of process, the circuit court did not have personal jurisdiction over First Union, and the default judgment was void.

¶ 10. Judge Richard S. Brown dissented, arguing that although the majority acknowledged that First Union had the burden of proving ineffective service, it had, in effect, improperly shifted the burden of proving effective service to Richards. In support of his position, Judge Brown cited the majority's conclusion that there was "'scant evidence in the record'" to support McGrath's status. *Richards,* 284 Wis. 2d 530, ¶ 24 (Brown, J. dissenting) (citation omitted). Therefore,

627

Judge Brown reasoned, First Union had not met its burden of proof, and the default judgment should stand. Alternatively, because the record was devoid of information about McGrath's authority and responsibilities, Judge Brown argued that the case should be remanded pursuant to Wis. Stat. § 752.35, as there had been no factual determination about McGrath's status.

¶ 11. Richards timely requested that the court of appeals reconsider its decision and remand the case to the circuit court for a hearing on the issue of whether McGrath was a managing agent. The court of appeals denied Richards' motion for reconsideration. Richards petitioned this court for review; his petition was granted on November 15, 2005.

## II

¶ 12. The legal issues concerning the reopening of a default judgment and whether personal service was sufficient are dependent on the interpretation and application of statutes, and therefore are questions of law which an appellate court reviews de novo. *Useni v. Boudron,* 2003 WI App 98, ¶ 8, 264 Wis. 2d 783, 662 N.W.2d 672. The procedural issues involve questions of law, and are therefore reviewed de novo as well. *See Paige K.B. v. Steven G.B.,* 226 Wis. 2d 210, 225, 594 N.W.2d 370 (1999). A circuit court's findings of fact are reviewed to determine whether such findings are contrary to the great weight and clear preponderance of the evidence. *See West v. West,* 82 Wis. 2d 158, 165, 262 N.W.2d 87 (1978).[5]

---

[5] Explaining the clearly erroneous standard of review regarding circuit court findings of fact, the court of appeals explained:

¶ 13. First Union argues that the circuit court did not have personal jurisdiction over it, as Richards had failed properly to serve the corporation pursuant to Wis. Stat. § 801.11(5). Therefore, First Union requests that, because a judgment rendered without personal jurisdiction is void, the default judgment should be vacated. *See id.* at 166 (if a party obtains a judgment without obtaining personal service pursuant to the statute, the judgment is considered void). Furthermore, First Union maintains that there is adequate evidence in the record to support the court of appeals' conclusion that there was inadequate service of process on First Union.

¶ 14. Richards argues that First Union, as the moving party seeking to reopen the default judgment, has the burden of proof in support of the motion. It is Richards' position that there was insufficient evidence in the record to determine that the judgment was void for lack of personal jurisdiction. Richards further argues that McGrath, as branch manager for the Brookfield office, was a "managing agent" for First

---

While we now apply the "clearly erroneous" test as our standard of review for findings of fact made by a trial court without a jury, cases which apply the "great weight and clear preponderance" test to the same situation may be referred to for an explanation of this standard of review because the two tests in this state are essentially the same.

*Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575 (Ct. App. 1983)(citation omitted); *see also Robertson-Ryan v. Pohlhammer,* 112 Wis. 2d 583, 592, n.*, 334 N.W.2d 246 (1983) (Abrahamson, J., dissenting) (under Wis. Stat. § 805.17(2) (1983–84) the "clearly erroneous" test applicable to the findings of fact of a circuit judge sitting without a jury is the same as the "against the great weight and clear preponderance of the evidence" test).

Union. Therefore, Richards concludes, First Union was adequately served pursuant to Wis. Stat. § 801.11(5)(a).

■

¶ 15. Wisconsin Stat. § 806.07 allows relief from a judgment or order. It provides, in relevant part, "[o]n motion and upon such terms as are just, the court . . . may relieve a party or legal representative from a judgment, order or stipulation for the following reasons: . . . (d) [t]he judgment is void. . . ." Wis. Stat. § 806.07(1). A judgment is "void" for purposes of § 806.07 when the court rendering it lacked subject matter or personal jurisdiction. *See Wengerd v. Rinehart,* 114 Wis. 2d 575, 338 N.W.2d 861 (Ct. App. 1983).

A

¶ 16. We first address the issue of which party bears the burden of proof on the issue of whether personal jurisdiction was obtained through proper service of process. We agree with both the court of appeals' majority and dissent that there is " 'scant evidence in the record' " upon which to ascertain whether McGrath was a "managing agent" for purposes of the statute. *See Richards,* 284 Wis. 2d 530, ¶¶ 18–21, ¶ 24 (Brown, J. dissenting).

[5]
¶ 17. We further agree with Judge Brown's dissent that, in general, the party invoking the judicial process in its favor bears the burden of production and persuasion. *Wolfe v. Wolfe,* 2000 WI App 93, ¶ 15, 234 Wis. 2d 449, 610 N.W.2d 222. First Union, however, relies on *Danielson v. Brody Seating Co.,* to argue that the burden of proving personal jurisdiction is properly

630

placed on the party asserting jurisdiction. *Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 427–28, 238 N.W.2d 531 (1976).

¶ 18. There are three principal cases we must examine to determine which party has the burden when a party seeks to reopen a default judgment and have a determination that such judgment was void: *Danielson, Emery v. Emery*, 124 Wis. 2d 613, 622, 369 N.W.2d 728 (1985), and *West*, 82 Wis. 2d 158.

¶ 19. In *Danielson*, defendant Brody Seating Co. sought to dismiss the complaint against it for lack of personal jurisdiction on the ground of improper service. *Danielson*, 71 Wis. 2d at 426. At the circuit court hearing on the motion, Danielson "offered proof of service in the form of an affidavit of Deputy Sheriff V. Battista, in which he swears that he served the summons and complaint on the Brody Seating Company 'by delivering to and leaving with one M. Brody true copies' of the summons and complaint." However, there was substantial evidence introduced to the circuit court that on the purported date of service, there was no officer, director, managing agent, or any other person associated with the corporation with the name M. Brody. *Id.* Even though the summons and complaint wound up on the desk of an individual upon whom service would have been effective, such notice was insufficient. "Personal delivery requires that '. . . there must be a direct and actual delivery of the papers to the defendant himself by the one making service.' " *Id.* at 429 (footnote omitted).[6] Declaring that "[t]he burden of proving a defendant is subject to the jurisdiction of the court is on

---

[6] Regarding the alternative method of service of process, as there was "no evidence in the instant case that the summons was left with anyone associated with Brody Seating Company, much less with someone apparently in charge of the office," the

the plaintiff or the party asserting jurisdiction," the court held that Danielson had failed to meet that burden. *Id.* at 427–28 (footnote omitted).

¶ 20. Two years later, in *West,* this court, again, addressed the issue of which party bears the burden of proof that personal jurisdiction was obtained through proper service of process. *West,* 82 Wis. 2d at 161. *West* involved the sufficiency of service of a summons and complaint for divorce through the statutorily prescribed alternative service option of service by publication. Service by publication required the plaintiff to establish first that he or she had used due diligence to serve the complaint personally but was unable to locate the defendant.

¶ 21. In *West,* the decedent's estate appealed from an order that vacated a judgment of divorce granted to the decedent, because the circuit court concluded that personal service was ineffective. This court upheld the decision of the circuit court, which "held that the attempted acquisition of jurisdiction by publication was ineffective, because there was a showing that due diligence had not been exercised to serve [the surviving spouse] personally," and therefore "held the judgment was void for want of personal jurisdiction. . . ." *Id.* at 164.

¶ 22. Placing the burden on the party seeking to reopen and vacate the judgment, the *West* court stated:

> The question to be decided on the motion to vacate and to hold the judgment void is simply whether there was credible evidence to show that due diligence was not exercised. . . . On review, the test is that usually applied where findings of fact are made by a trial judge.

court also rejected this argument. *Danielson v. Brody Seating Co.,* 71 Wis. 2d 424, 430, 238 N.W.2d 531 (1976).

Are the findings of fact contrary to the great weight and clear preponderance of the credible evidence?

*Id.* at 165.

¶ 23. Several years later, in *Emery,* this court relied on *West* to hold that the burden of proof that service was insufficient was properly placed upon the party that sought to reopen and vacate the judgment. *Emery,* 124 Wis. 2d at 622; *see also Haselow v. Gauthier,* 212 Wis. 2d 580, 585, 587, 569 N.W.2d 97 (Ct. App. 1997).

¶ 24. In *Emery,* appellant husband brought an action to vacate a judgment of divorce for lack of personal jurisdiction. The circuit court had refused to vacate the divorce judgment, finding that the wife, Ms. Emery, had exercised "reasonable diligence in her attempt to serve Mr. Emery personally, and that Ms. Emery did comply" with the statutes "when she instituted substituted service by publication." *Emery,* 124 Wis. 2d at 616.

¶ 25. Among the husband's arguments, Mr. Emery contended "that the circuit court erred as a matter of law by placing the burden of proof upon Mr. Emery at the hearing on the motion to vacate the divorce judgment." *Id.* at 622. The court cited *West* to support its reasoning that the circuit court had "properly placed the burden upon Mr. Emery, who sought to vacate the judgment, to produce credible evidence to show that Ms. Emery did not exercise reasonable diligence in her attempt to personally serve him." *Id.*

¶ 26. The *Emery* court further concluded that *Danielson* "is distinguishable in that it involved a motion to dismiss a complaint for want of personal jurisdiction. In the instant case we are dealing with a motion to vacate a judgment and the standard described in *West* applies." *Id.* at 623.

633

¶ 27. As was the case in *Emery,* First Union seeks to reopen and vacate a judgment, not dismiss a complaint. We are not persuaded by First Union's argument claiming that, because a judgment is void when there is want of personal jurisdiction, there is a special reason to place the burden of defending the judgment on the nonmoving party. Placing such burden on the nonmoving party was specifically rejected by this court in *Emery,* where the court held that the burden properly was placed on the husband who brought the action to vacate the judgment of divorce for lack of personal jurisdiction. *Emery,* 124 Wis. 2d at 622. We conclude, therefore, that the standard articulated in *Emery* and *West* is the appropriate one to apply to the case at bar. Therefore, we hold that the burden of proof is on the person seeking to reopen and set aside or vacate the default judgment. Furthermore, we hold that the evidence necessary to set aside such a judgment is evidence sufficient to allow a court to determine that the circuit court's findings of fact were " 'contrary to the great weight and clear preponderance of the credible evidence[].' " *Emery,* 124 Wis. 2d at 622 (quoting *West,* 82 Wis. 2d at 165).

B

¶ 28. We next turn to the question of what it means to be a managing agent pursuant to Wis. Stat. § 801.11(5)(a), which is one way to satisfy the statutory service of process requirements. As we have consistently held, actual notice of the plaintiff's action, alone, is insufficient. *See Danielson,* 71 Wis. 2d at 429. An inquiry into the adequacy of service of a summons requires an examination of "whether the appropriate

statutory procedures for service have been complied with." *Id.* (footnote omitted).

¶ 29. Wisconsin Stat. § 801.11(5)(a) provides that proper service of a summons on a corporation or Limited Liability Company—service that is sufficient to convey personal jurisdiction—is achieved:

> By personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

Wis. Stat. § 801.11(5)(a). As the parties concede that Wisniewski was not a managing agent, one issue before this court is whether McGrath was a managing agent, and whether service was, therefore, effective under the alternate service option of § 801.11(5)(a), since a copy was left at McGrath's office with Wisniewski.

¶ 30. Richards argues that McGrath is just such a managing agent, and therefore First Union was successfully served. First Union maintains that McGrath is not a managing agent, thus the circuit court did not have personal jurisdiction over it when the court issued its default judgment.

¶ 31. In *Carroll,* this court examined the predecessor statute to Wis. Stat. § 801.11(5)(a)—Wis. Stat. § 262.09(3) (1955–56). *Carroll,* 273 Wis. 490. Section 262.09(3) described the persons upon whom a notice to a corporation—in that case a notice of injury—could be properly served. " 'If [the action is] against any other domestic corporation, [the summons may be served by delivering a copy] to the president, vice president, superintendent, secretary, cashier, treasurer, director,

trustee, or managing agent.' " *Id.* at 492 (quoting Wis. Stat. § 262.09(3) (1955–56)).

¶ 32. *Carroll* involved the validity of service of process on N.A. Landt (Landt), who directed operations at Wisconsin Power & Light's generating station in Wisconsin Dells. *Id.* The question before the court was whether Landt was a "managing agent" pursuant to Wis. Stat. § 262.09(3) (1955–56). The court acknowledged that Landt "directed operations at the plant, had charge of the machinery and its maintenance and had 25 men under him." *Id.* at 493. However, the court also noted that, while Landt recommended people for "employment in the generating plant, . . . the Madison office hired them." *Id.* Similarly, "Landt issued requests for supplies, but the purchases were made by the Madison office." *Id.*

¶ 33. "In construing the term 'managing agent' as it appears in such statutes," the *Carroll* court began, "this court has held that it relates to an agent having a general supervision of the affairs of the corporation." *Id.* (citing *Upper Mississippi Transp. Co. v. Whittaker,* 16 Wis. 233, [220*] (1862)).[7] The court ultimately concluded that the terms "superintendent" and "managing agent" had corresponding meanings in the statute. "Both terms relate to a person possessing and exercising the right of general control, authority, judgment, and discretion over the business or affairs of the corporation, either on an overall or part basis, *i.e.,*

---

[7] *See also Nelson v. Stop and Ship Cos.,* 596 A.2d 4 (Conn. 1991) which held that the terms " 'general or managing agent or manager' are concomitant terms meaning a person whose position, rank, duties and responsibilities make it reasonably certain that the corporation will be apprised of service made upon that person." *Id.* at 6 (citation omitted).

everywhere or in a particular branch or district."[8] *Carroll*, 273 Wis. at 494 (emphasis in original). Noting that Landt's "authority was not general, but was limited to the management of the physical operation of the plant and its maintenance," the court concluded that he was not a managing agent for purposes of the service of process statute. *Id.*

¶ 34. In *Derrick v. The Drolson Co.*, 69 N.W.2d 124 (Minn. 1955), the Supreme Court of Minnesota adopted a test similar to that articulated by this court in *Carroll*. *Derrick* involved the sufficiency of service of a summons upon a domestic corporation. In that case, a process server entered the office of The Drolson Company, asked for an officer, and was directed to Edward Vogt (Vogt). The process server asked Vogt if he was an officer and the managing agent of the company, and Vogt allegedly responded that he was. *Id.* at 126–27. Vogt later denied such an acknowledgment. The court concluded that Vogt was not an officer of the corporation, and therefore focused its inquiry on whether Vogt was a managing agent of the corporation authorized to receive service pursuant to the statutory requirements.[9] The Minnesota court noted that the rationale

---

[8] Other jurisdictions have reached similar conclusions. *See, e.g., Green v. Morningside Heights Hous. Corp.*, 177 N.Y.S.2d 760 (1958), which concluded that the term "managing agent" was to be given a liberal interpretation, and while strict language might limit the definition to include persons who could be served to one who managed the entire corporation, the probable meaning would include one in charge of a branch office whose powers were general. *Id.* at 761.

[9] *See Derrick v. The Drolson Co.*, quoting Minnesota Rules of Civil Procedure 4.03 which provided, in relevant part, that service of summons upon a corporation shall be made " 'by delivering a copy to an officer or managing agent, or to any

behind the requirement that a managing agent be some person "invested by the corporation with general powers involving the exercise of judgment and discretion" was because "the agent must be one who could reasonably be expected to apprise the corporation of the service and the pendency of the action." *Id.* at 129 (footnote omitted). The court reasoned:

> It follows that the significant factors in determining whether a particular agent is a "managing agent" for the purpose of receiving service are the extent to which the agent has power to exercise independent judgment and discretion in executing the business of the corporation, and whether his position is of such a character and rank as to make it reasonably certain that the corporation will be apprised of the service.

*Id.*

¶ 35. We are satisfied that the Minnesota Supreme Court's decision in *Derrick* is quite helpful in applying the *Carroll* test and assisting a circuit court in determining what constitutes a managing agent. We disagree with First Union that the record is sufficient for this court to determine whether McGrath was or was not a managing agent.[10] As there is insufficient evidence in the record to apply the *Carroll* test to the

other agent authorized expressly or impliedly or designated by statute to receive service of summons. . . .' " *Derrick v. The Drolson Co.,* 69 N.W.2d 124, 127 (Minn. 1955)(quoting Rules of Civil Procedure 4.03).

[10] Similarly, we conclude there is insufficient evidence in the record to determine whether the fact that McGrath's position as branch manager bestowed on him the responsibility of ensuring compliance with state and federal securities laws, was of such nature that he possessed the general authority required to satisfy the definition of managing agent.

638

facts in this case, we remand the issue to the circuit court to make such a determination.[11]

■■

¶ 36. Furthermore, the court of appeals' majority held that First Union did not waive its right to challenge whether the circuit court had personal jurisdiction over it. We are unable to hold, on the record before us, whether there was such a waiver as determined by the circuit court in its ruling. First Union neither answered

---

[11] Richards makes a secondary argument that McGrath was an "officer" of the corporation pursuant to Wis. Stat. § 801.11(5)(a). Because the record and arguments concerning this issue are largely undeveloped, such a determination is properly one for the circuit court. We thus remand that issue to the circuit court as well. There is no claim that McGrath was a director of First Union.

Although we do not decide this issue, we note that there is authority in Wisconsin that may be helpful to the circuit court in its determination of whether McGrath was an officer.

> An officer is "a person charged with important functions of management such as a president, vice president, treasurer, etc." Among the facts a court may consider are: (1) the individual's managerial duties; (2) whether the position occupied is one of authority; and (3) whether the individual possesses superior knowledge and influence over another and is in a position of trust.

*Modern Materials, Inc. v. Advanced Tooling Specialists, Inc.*, 206 Wis. 2d 435, 442–443, 557 N.W.2d 835 (Ct. App. 1996)(internal citations omitted). *See also, e.g., Hyde v. Bd. of Comm'rs of Wells County*, 198 N.E. 333, 337 (Ind. 1935)(in determining whether one is an officer or an employee, important tests include the tenure by which a position is held, whether its duration is defined by statute or ordinance creating it, or whether it is temporary or transient); *Jefferson County v. Case*, 12 So.2d 343, 346 (Ala. 1943)(an officer is distinguished from an employee in the greater importance, dignity and independence of his position).

the complaint, nor made any appearances in the action prior to its motion to reopen and set aside or vacate the default judgment.[12] Since the record is insufficient to determine whether or not there was such a waiver, we remand that issue to the circuit court for a determination.[13] In the case before us, the circuit court determined that the circumstances were not extraordinary, and therefore did not qualify for a ruling under Wis. Stat. § 806.07(1)(h). The circuit court held the issue concerning defects in personal service was waived, apparently on the basis that First Union did not file its § 806.07 motion within one year of the date that the

[12] We acknowledge, without deciding, the fact that under certain circumstances, a motion to reopen and vacate a judgment pursuant to Wis. Stat. § 806.07 might be properly deemed waived because the motion was not filed within a reasonable time. *See* Wis. Stat. § 806.07(2). *See also State ex rel. Cynthia M.S. v. Michael F.C.,* 181 Wis. 2d 618, 627, 511 N.W.2d 868 (1993)("Determining whether motions under sec. 806.07(1)(h), Stats., have been made within a reasonable time requires a case by case analysis of all relevant factors. This analysis should be guided by the fact that while respect for the finality of judgments is an important concern, the purpose of sec. 806.07(1)(h) is to allow courts to do substantial justice when the circumstances so warrant."); *EPF Corp. v. Pfost,* 210 Wis. 2d 79, 88–89, 563 N.W.2d 905 (Ct. App. 1997)(citation omitted)(In determining whether an application for relief complies with the "reasonable time" requirement of § 806.07(2), a court balances two competing factors: "the need for finality of judgments and the ability of a court to do substantial justice when the circumstances so warrant.").

[13] With regard to First Union's pending motion to strike those portions of Richards' brief that relate to the *Eberle* affidavit, we grant that motion to strike such portions, as well as the affidavit itself, since the affidavit and the arguments based on it were not before the circuit court at the original hearing on First Union's motion.

default judgment was entered. We note that the one-year time period only applies to motions based upon § 806.07(1)(a) or (c). Motions based on subsections (d)-(h) are subject only to the "reasonable time" standard. *See* Wis. Stat. § 806.07(2).

## III

¶ 37. We reverse the decision of the court of appeals. We hold that the burden of proof is on the party seeking, pursuant to Wis. Stat. § 806.07, to set aside or vacate a default judgment, where the question of proper service is involved. Furthermore, we determine that the test set forth in *Carroll* is the appropriate one to determine who is a managing agent pursuant to Wis. Stat. § 801.11(5)(a). We remand this case to the circuit court for further action consistent with this opinion, including evidentiary proceedings involving an application of the *Carroll* test, as well as providing an opportunity for a thorough review and explanation on the issue of whether the motion of First Union was timely, and whether McGrath was an officer, director, or managing agent of First Union. Upon remand, the circuit court must make findings of fact and conclusions of law relating to the evidence that will be presented to it.

*By the Court.*— The decision of the court of appeals is reversed, and this matter is remanded to the circuit court for further action consistent with this opinion.