Capitol One Bank USA, N.A. v. Kastner, No. 247-5-13 Wmcv (Wesley, J. May 15, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Windham Unit                                         Docket No. 247-5-13 Wmcv

| Capital One Bank USA, N.A. vs. Kastner |
|---|

## ENTRY REGARDING MOTION

Count 1, Collection (247-5-13 Wmcv)
Count 2, Fair Debt Collection Practice (247-5-13 Wmcv)
Count 3, Fair Debt Collection Practice (247-5-13 Wmcv)

Title:         Motion for Default Judgment against Capital & (Motion 12)
Filer:         Jason C. Kastner
Attorney:      Pro Se
Filed Date:    April 7, 2014

Response filed on 04/24/2014 by Attorney Barney L. Brannen for party 1 Co-counsel
Response filed on 05/06/2014 by Jason C. Kastner, Defendant
Response filed on 05/12/2014 by Jason C. Kastner, Defendant


Title:         Motion to Dismiss for Insufficiency of Service (Motion 13)
Filer:         Howard Lee Schiff, PC
Attorney:      Gwendolyn W. Harris
Filed Date:    April 8, 2014

Response filed on 04/23/2014 by Jason C. Kastner, Defendant

Title:         Motion (Cross) for Costs of Service (Motion 14)
Filer:         Jason C. Kastner
Attorney:      Pro Se
Filed Date:    April 23, 2014

**Defendant's motion for default and Cross-claim Defendant's motion to dismiss are DENIED but Defendant is awarded costs of making service.**

So ordered.

## Opinion and Order
## Denying Kastner's Motion for Default, Denying Schiff's Motion to Dismiss, and Granting Kastner's Motion for Costs

Background

The Court currently has three motions that relate to the sufficiency of service. Defendant/Counterclaimant Jason Kastner filed a motion for default against Capital One and Howard Lee Schiff, PC. Schiff filed a motion to dismiss for lack of service. Kastner also filed a motion for the costs of serving Schiff.

The procedural history is important for understanding the positions of the pending motions. On May 28, 2013, Capital One sued Kastner to collect on credit-card debt. On July 9, 2013, Kastner answered and filed counterclaims for violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the duty of good faith, and the Consumer Fraud Act. On July 19, 2013, Capital One answered Kastner's counterclaims. On December 23, 2013, the Court granted Kastner's motion to amend his counterclaim and to add Schiff as a defendant. The amended counterclaim raised the same claims against Capital One as had been originally plead, and included Schiff on each claim. Kastner also added a count against Schiff for champerty.  The Court's December 23, 2013 order required previously unnamed parties to file an answer within fifteen days.

On January 29, 2014, Schiff filed for removal to the District of Vermont. According to the federal docket sheet, Schiff also filed a motion to dismiss for insufficiency of process on January 31, 2014. On February 4, 2014, the Superior Court closed this case based on the removal to federal court. The federal court remanded to the Superior Court on March 19, 2014.

On April 7, 2014, Kastner filed a motion for default against both Capital One and Schiff. On April 24, 2014, Capital One opposed default because it answered Kastner's counterclaims on July 19, 2013, and the amended counterclaims did not allege a new cause of action against Capital One. Schiff filed a motion to dismiss for insufficient service on April 8, 2014. Schiff argues service was insufficient because Kastner served Gwendolyn Harris, who is not a partner at Schiff and cannot accept service. On April 23, 2014, Kastner opposed the motion to dismiss because Harris is the only attorney at Schiff's Vermont office and is therefore a managing or general agent. Kastner also seeks costs for serving Schiff. Kastner filed a proposed entry of default, with retroactive effect, on May 6, 2014. Kastner filed a response to Capital One's opposition on May 12, 2014.

Discussion

*Schiff's Motion to Dismiss for Insufficient Service of Process*

The Court first considers Schiff's motion to dismiss for insufficient service. *See* V.R.C.P. 12(b)(5).  The sufficiency of service turns on whether Harris was a person who could accept service for Schiff. A party may serve "the managing or general agent" of a corporation. V.R.C.P.

2

4(d)(7). Vermont law does not define the meaning of managing agent, but cases from other jurisdictions and Wright and Miller provides a helpful overview. *See Richards v. First Union Sec., Inc.,* 2006 WI 55, ¶¶ 33, 35, 714 N.W.2d 913; 4A Fed. Prac. & Proc. Civ. § 1103. A person who is in charge of a corporation's activities within a state is a general or managing agent. 4A Fed. Prac. & Proc. Civ. § 1103. Even if the person is not in charge of the activities within a state the person qualifies "if the individual is in a position of sufficient responsibility so that it is reasonable to assume that the person will transmit notice of the commencement of the action to organizational superiors." *Id.*

In this case, Harris was a managing agent of Schiff. Schiff only has one law office in Vermont and Harris is the only attorney in that office. Harris has discretion on how to handle Schiff's Vermont cases. Moreover, Harris is in contact with Schiff's managers and could have relayed the message. Instead, Harris received notice of the suit and contested service. Service was proper and the Court will not dismiss the claims. *See id.*

*Kastner's Motion for Default Judgment*

The Court may enter a default judgment against a party that fails to respond to a complaint. V.R.C.P. 55(a). The Court has discretion in entering a default judgment. *See Ayer v. Hemingway*, 2013 VT 37, ¶ 21, 193 Vt. 610. The Court should not issue a default judgment unless a party fails to answer or defend against a complaint. *Dougherty v. Surgen*, 147 Vt. 365, 366–67 (1986). V.R.C.P. 55 must be construed in favor defendants and the Court prefers to resolve disputes on their merits. *Desjarlais v. Gilman*, 143 Vt. 154, 158–59 (1983).

The Court denies Kastner's motion for default against Capital One. Capital One answered Kastner's complaint and it would be pointless to require it to repeat the same filing. Because Capital One already answered the complaint, a default judgment is not appropriate. *See Dougherty*, 147 Vt. at 366–67. The Court's December 23, 2013 order only required previously unnamed parties to file an answer, and Kastner supplies an overly strained interpretation of that order to argue that Capital One was required to repeat the denials it had already made.

Default judgment against Schiff is also inappropriate. Harris was a proper person to accept service for Schiff. However, Schiff did not ignore the complaint but rather sought removal to federal court and filed a motion to dismiss. Again, the Court will not enter default judgment where a party appears and defends against a suit. *See Dougherty*, 147 Vt. at 366–67. The purpose of Rule 55 would not be served by a default in this case, and the Court seeks to resolve this case on the merits. *See Desjarlais*, 143 Vt. at 158–59.[1]

*Myers v. Brown* does not mandate entry of a default judgment. *See* 143 Vt. 159, 167 (1983). In *Myers*, a corporate defendant sought relief from judgment on the grounds of lack of

---

[1] The Court acknowledges the untimeliness of Schiff's filing, as Kastner argues.  On December 23, 2013, the Court ordered Schiff to respond within fifteen days. Schiff waited until January 29, 2014 to respond, which Schiff did by seeking removal. Schiff did not file a motion to dismiss in this Court until April 8, 2014. The Court will not enter default against Schiff because it is too extreme of a remedy and the Court prefers to resolve cases on their merits. *See Ayer*, 2013 VT 37, ¶ 21; *Desjarlais*, 143 Vt. at 158–59.  Nonetheless, Schiff's assumptions about the Court's exercise of discretion put it in peril of default.

service. *Id.* at 160. The defendant had actual notice of suit but claimed service was insufficient because the plaintiff did not serve the corporation's agent. *See id.* at 160–62. The corporation waited to object until after the trial court issued a default judgment. *See id.* Although service was ineffective, the defendant received actual notice and defenses to service may be waived. *See id.* at 164. The corporation waived its defense of improper service and therefore could not reopen the judgment. *Id.* at 167. In this case, Schiff did not ignore the filing but sought removal to federal court. In federal court, Schiff challenged service and now challenges it again. Unlike *Myers*, no default judgment has issued here. The procedural posture is different and neither Rule 55 nor the Court's resources would be well served by granting default. *See Desjarlais*, 143 Vt. at 158–59.

Its motion to dismiss having been denied, Schiff must now file an answer within ten days. *See* V.R.C.P. 12(a)(3).

*Kastner's Motion for Costs of Service (MPR 14)*

Finally, the Court grants Kastner's motion for the costs of service. Under V.R.C.P. 4(l), parties have a duty to save the costs of service. Where a party refuses to waive service and requires the opposing party to rely on traditional means, the opposing party is entitled to the costs of service. V.R.C.P. 4(l)(6). As explained by Wright and Miller, the Court should impose these costs unless the defendant can show good cause. *See* 4A Fed. Prac. & Proc. Civ. § 1092.1. Here, Schiff failed to waive the requirements of service. As described above, Schiff's arguments that Harris was not a proper person to serve are incorrect. Additionally, Schiff did not make these arguments in the timeframe imposed by the Court. The Court imposes the costs of service, $65.46, against Schiff.

## Order

**WHEREFORE,** it is hereby **ORDERED** : The Court **DENIES** Kastner's motion for default . The Court **DENIES** Schiff's motion to dismiss; Schiff shall file an answer witin 10 days. The Court **GRANTS** Kastner's motion for costs and imposes Kastner's costs of $65.46 against Schiff.

Electronically signed on May 14, 2014 at 04:37 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Barney L. Brannen (ERN 1146), Attorney for Plaintiff Capital One Bank USA, N.A.
Defendant Jason C. Kastner
Barney L. Brannen (ERN 1146), Attorney for party 1 Co-counsel
Michael F. Bevacqua (ERN N/A), Attorney for party 1 Co-counsel
Daniel Ginzburg (ERN 6455), Attorney for party 1 Co-counsel
Gwendolyn W. Harris (ERN 1734), Attorney for third-party defendant Howard Lee Schiff, PC