PER CURIAM.
¶1 The Heavens Above, LLC, moved to vacate a default judgment granted to Cheryl E. Atkins on grounds that Atkins never served it with the summons and complaint. Heavens Above appeals from the order denying its motion. We affirm.
¶2 Atkins and Victoria Bohland, the owner of Heavens Above, agreed that Atkins would invest $100,000 AUD[1] in Heavens Above. They apparently intended to convert a former church rectory into a bed-and-breakfast in Manitowoc. The funds for the sale were debited directly from Atkins' Australian bank account into Bohland's Australian bank account in May 2016.
¶3 Atkins alleged that after putting much time and effort into the property, she was "effectively shut out from the business" and that, in February 2017, Bohland removed her from the property.
¶4 Alleging economic damages from the loss of her financial and personal investment and from costs incurred in flying back and forth from Australia in an attempt to resolve the dispute, Atkins filed suit against Heavens Above. She asserted claims for breach of contract, unjust enrichment, and deprivation of property rights and sought compensatory and punitive damages.
¶5 Bohland had organized Heavens Above in Nevada and designated a law firm in Las Vegas as its registered agent and agent for service of process. A process server's affidavit of service reflects that he served David Dean, an employee of the registered agent law firm, with a copy of the summons and complaint on July 21, 2017, at 9:50 a.m. Bohland did not file an answer. The court granted Atkins' motion for default judgment and entered a judgment in the amount of $135,378 AUD plus costs.[2]
¶6 Heavens Above moved to vacate the judgment under either WIS. STAT. § 806.07(1)(c) or (h) (2015-16)[3] contending it was not served. At the hearing on the motion, Dean and Emily Lehr, a paralegal at the Las Vegas law firm, testified.[4] Dean and Lehr both testified that they were working in the law firm's office on the date and at the time the affidavit of service indicates service of the summons and complaint was made on Dean. Both denied accepting service and both said they were unaware of such service having occurred. Dean also testified that the affidavit's descriptive facts about him-height, weight, hair and eye color-are inaccurate. Lehr testified that accepting service for a client is a notable experience, as it happens infrequently. Neither she nor Dean could say with any certainty what they were doing at 9:50 a.m. on July 21, however, and Lehr conceded that she may not be aware of everyone who comes in and out of the office on a given day.
¶7 The court denied the motion to vacate the default judgment as well as Heavens Above's oral motion to reconsider its ruling. Heavens Above appeals.
¶8 The denial of a motion to vacate under WIS. STAT. § 806.07 is a discretionary determination that we will not reverse absent an erroneous exercise of discretion. Werner v. Hendree , 2011 WI 10, ¶59, 331 Wis. 2d 511, 795 N.W.2d 423. The circuit court erroneously exercises its discretion when it applies the wrong legal standard or if the facts of record fail to support its decision. Id.
¶9 "In exercising its discretion in deciding whether to vacate a default judgment, the circuit court must be cognizant of three general considerations." Miller v. Hanover Ins. Co. , 2010 WI 75, ¶31, 326 Wis. 2d 640, 785 N.W.2d 493. "[ WISCONSIN STAT. ] § 806.07(1) is remedial in nature and should be liberally construed"; " 'the law prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues' "; and " 'default judgments are regarded with particular disfavor.' " Miller , 326 Wis. 2d 640, ¶31 (citation omitted).
¶10 Heavens Above asserts that the circuit court erroneously exercised its discretion by disregarding the three Miller considerations and, in particular, by denying its motion to vacate the judgment under WIS. STAT. § 806.07(1)(c) and (h).
¶11 WISCONSIN STAT. § 806.07(1)(c) provides that, on motion and upon such terms as are just, the court may relieve a party from a judgment because of fraud, misrepresentation, or other misconduct of an adverse party.
¶12 Heavens Above's motion asserted that, "[b]y all appearances," the affidavit of service is a fraud and that service never was accomplished. It stated that, when the law firm is served on behalf of a client, an employee ensures that the law firm is, in fact, the registered agent for the company on whose behalf the process server is attempting to make service, that all such paperwork is promptly forwarded to the client, and that the client timely confirms receipt of the paperwork. The motion also contended that the affidavit "is replete with factual inaccuracies" about Dean, the person allegedly served. The affidavit described Dean as being in his fifties, 5'10,? 160 pounds, with brown hair and brown eyes. In fact, Dean is forty-six, 5'7,? 140 pounds, with brown and grey hair and blue eyes. Heavens Above produced similar evidence at the hearing.
¶13 Again asserting on appeal that the affidavit of service was "fabricated and fraudulent," Heavens complains that the circuit court erred because Atkins put on no evidence to the contrary. Atkins did not have to. Where the question of proper service is involved, the party seeking to reopen the default judgment bears the burden of proof. Richards v. First Union Sec., Inc. , 2006 WI 55, ¶37, 290 Wis. 2d 620, 714 N.W.2d 913.
¶14 The court found "absolutely nothing in the record" that established fraud, misrepresentation, or other misconduct on Atkins' part. It found Dean's and Lehr's testimony to be no more than that they do not recall having received the papers that day. Dean acknowledged that a photograph from the law firm's website was an accurate photograph of himself. A few weeks before the hearing, the process server filed a second affidavit averring that he reviewed Dean's photograph on the law firm's website and that that was the man he served.[5] The court observed that, "regardless of the discrepancies in description, the photograph is worth a thousand words," convincing it that the process server did, in fact, serve the registered agent. There was sufficient evidence for the circuit court to find that service was accomplished. Its findings are not clearly erroneous and they sufficiently support its exercise of discretion under WIS. STAT. § 806.07(1)(c).
¶15 WISCONSIN STAT. § 806.07(1)(h) provides: "On motion and upon such terms as are just, the court ... may relieve a party or legal representative from a judgment, order or stipulation for ... [a]ny other reasons justifying relief from the operation of the judgment." Subsection (h) "invokes the pure equity power of the court." Mullen v. Coolong , 153 Wis. 2d 401, 407, 451 N.W.2d 412 (1990). It "should be used sparingly," that is, only when "extraordinary circumstances" exist. See State ex rel. M.L.B. v. D.G.H. , 122 Wis. 2d 536, 550, 363 N.W.2d 419 (1985). "Extraordinary circumstances" exist when "the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of all the facts.' " Id. (citation omitted).
¶16 To determine whether extraordinary circumstances exist, the circuit court must consider "a wide range of factors," including whether: (1) the judgment was the result of the claimant's conscientious, deliberate, and well-informed choice; (2) the claimant received effective assistance of counsel; (3) relief is sought from a judgment in which there was no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; (4) there is a meritorious defense to the claim; and (5) intervening circumstances make it inequitable to grant relief. Miller , 326 Wis. 2d 640, ¶36. The party seeking relief bears the burden of proving that the allegations in the motion constitute "extraordinary circumstances." Id. , ¶34.
¶17 Heavens Above contends the circuit court did not examine these factors in sufficient depth. We disagree. The court found that: (1) there was no indication that the default judgment was the result of Heavens Above's deliberate choice; (2) there was no evidence that Heavens Above received ineffective assistance of counsel, as there was no indication it had retained counsel; (3) there was no specific judicial consideration of the merits because the default judgment was based on the allegations and the default; (4) nothing established that deciding the case on the merits outweighed the finality of the judgment because, while Heavens Above asserted that it "dispute[d] essentially all" of Atkins' claims, except that Atkins was an investor, and "believe[d]" it had a meritorious defense, Heavens Above presented no testimony or affidavits from which the court could determine that there was a meritorious defense; and (5) there were no intervening circumstances one way or the other making it inequitable to grant the relief.
¶18 The court must balance the competing values of finality and fairness in deciding a motion under WIS. STAT. § 806.07(1)(h). The subsection must not be interpreted "so broadly as to erode the concept of finality, nor ... so narrowly that it no longer provides relief for truly deserving claimants." Miller , 326 Wis. 2d 640, ¶33. The court here examined the facts, applied the proper law, and explained its rationale on the record. Id. Our inquiry is limited to whether discretion was exercised, not whether it could have been exercised differently. See Hartung v. Hartung , 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981). We must affirm.
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Both Atkins and Bohland are Australian nationals. "AUD" means Australian dollars. Bohland testified that $100,000 AUD is about $70,000 USD (U.S. dollars).

The amended judgment reflected that, through the exchange rate from AUD to USD, Heavens Above owed Atkins $107,973.29 plus statutory costs.

All references to the Wisconsin Statutes are to the 2015-16 version unless noted.

Bohland testified but not in regard to service.

The court showed Dean the photograph, obtained from the law firm's website, which Atkins had included in her Brief in Opposition to the Motion to Vacate. Heavens Above asserts that the court committed "clear error" because "it is inescapable" that the court considered the process server's second affidavit despite not being produced at the hearing "so there was no evidence linking the photograph to anything at all before the court." The second affidavit was filed before the hearing. Heavens Above does not explain what is problematic about the court being aware of a sworn affidavit filed in the circuit court record in advance of the hearing.