IN the INTEREST OF R.E.H., a person under the age of 18:

R.E.H., Appellant,

v.

STATE of Wisconsin, Respondent.†

Court of Appeals

*No. 80–1850. Submitted on briefs February 26, 1981. —Decided March 10, 1981.*
(Also reported in 305 N.W.2d 162.)

For the appellant the cause was submitted on the brief of *John E. Tradewell,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Nancy J. Krueger,* assistant district attorney, of Appleton.

† Petition to review denied.

Before Donlin, P.J., Foley, J., and Dean, J.[1]

DONLIN, P.J.   After being found delinquent, R.E.H. was committed to a secured juvenile facility. A social worker at the facility petitioned for extension of the commitment within a year after it was made, and the court, after a hearing, extended the commitment for an additional year. R.E.H. contends that the extension order is void because the state failed to show at the time of the extension hearing that he was dangerous to himself or others. Because we conclude that the state need not show dangerousness in order to obtain an extension of commitment orders and that the court did not abuse its discretion in extending the commitment, we affirm.

R.E.H. was committed to the Lincoln Hills School after being found delinquent for operating a motor vehicle without the owner's consent. While committed to Lincoln Hills pursuant to the finding of delinquency, R.E.H. was absent without leave on two occasions. Due to disciplinary incidents, he also spent a substantial portion of his time in a more restrictive environment. A social worker from Lincoln Hills filed a report with the petition for extension of the dispositional order, which contained allegations that R.E.H. was still uncontrollable and needed continuing assistance with his problems.

Section 48.365, Stats., provides for extension of juvenile dispositional orders.[2]   Any order of extension must

---

[1] An order setting this matter before a three-judge panel was issued February 26, 1981.

[2] Section 48.365, Stats., provides:

48.365 **Extension of orders.**   (1) The parent, child, guardian, legal custodian, any person or agency bound by the dispositional order, or the court on its own motion, may request an extension of an order under s. 48.355. The request shall be submitted to the court which entered the order. No order under s. 48.355 may be extended except as provided in this section.

comply with sec. 48.355, Stats.[3] R.E.H. argues that be-

(2) An order may be extended only pursuant to a hearing before the judge which shall include:

(a) Notice to the child or the child's guardian ad litem or counsel, and to the parent, guardian, legal custodian and all the parties present at the original hearing.

(b) A signed and filed court report by the person or agency designated by the judge who is primarily responsible for the provision of services to the child. The report shall contain a statement to what extent the disposition has been meeting the objectives of treatment, care or rehabilitation as specified in the judge's findings of fact. The statement shall contain:

1. In cases of placements outside the home, an evaluation of the child's adjustment to the placement, progress he or she has made, anticipated future planning for the child, a description of efforts that have been made by all parties concerned towards returning the child to his or her parental home, including efforts of the parents to remedy factors which contributed to the transfer of the child, and an explanation of why returning the child to his or her home is not feasible.

2. In cases where the child has not been placed outside the home, a description of efforts that have been made by all parties concerned toward meeting the objectives of treatment, care or rehabilitation, an explanation of why these efforts have not yet succeeded in meeting the objective, and anticipated future planning for the child.

(c) Any party may present evidence relevant to the issue of extension. The judge shall make findings of fact and conclusions of law based on the evidence. An order shall be issued under s. 48.355.

(3) The appearance of any child may be waived by consent of the child, counsel or guardian ad litem.

(4) The judge shall determine which dispositions are to be considered for extensions.

(5) All orders shall be for a specified length of time not to exceed one year.

(6) If a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date, the court may extend the order for a period of not more than 30 days.

(7) Nothing in this section may be construed to allow any changes in placement or revocation of aftercare. Revocation and other changes in placement may take place only under s. 48.357.

cause sec. 48.355(1) refers to sec. 48.34, Stats.,[4] a deter-

[3] Section 48.355, Stats., provides:

48.355 **Dispositional orders.** (1) INTENT. In any order under s. 48.34 or 48.345 the judge shall decide on a placement and treatment finding based on evidence submitted to the judge. The disposition shall employ those means necessary to maintain and protect the child's well-being which are the least restrictive of the rights of the parent or child and which assure the care, treatment or rehabilitation of the child and the family. Wherever possible the family unit shall be preserved and there shall be a policy of transferring custody from the parent only where there is no less drastic alternative.

(2) CONTENT OF ORDER. (a) In addition to the order, the judge shall make written findings of fact and conclusions of law based on the evidence presented to the judge to support the disposition of each individual coming before him or her.

(b) The court order shall be in writing and shall contain:

1. The identity of the agency which is to be primarily responsible for the provision of the services mandated by the judge and, if custody is to be transferred to effect the treatment plan, the identity of the legal custodian.

2. If the child is placed outside the home, the name of the place or facility, including transitional placements, where the child shall be cared for or treated, except that in the case of individual foster home treatment where the name and address of the foster parent shall be furnished to the court and the parent within 21 days of the order, except that if, after a hearing on the issue with due notice to the parent or guardian, the judge finds that disclosure of the identity of the foster parent would result in imminent danger to the child or the foster parent, the judge may order the name and address of the prospective foster parents withheld from the parent or guardian.

3. The date of the expiration of the court's order.

4. A designation of the amount of support, if any, to be paid by the child's parent, guardian or trustee.

5. If the child is placed outside his or her home pursuant to a finding under s. 48.13 that the child is in need of protection or services, the conditions necessary for the child to be returned home, including any required changes in the conduct of the parent, the nature of the home or the conduct of the child.

(2m) TRANSITIONAL PLACEMENTS. The court order may include the name of transitional placements, but may not designate a

mination of dangerousness must be made in order to extend a dispositional order under sec. 48.365. He argues that because a child cannot initially be placed in a secured

---

specific time when transitions are to take place. The procedures of ss. 48.357 and 48.363 shall govern when such transitions take place. However, the court may place specific time limitations on interim arrangements made for the care of the child pending the availability of the dispositional placement.

(3) PARENTAL VISITATION. If, after a hearing on the issue with due notice to the parent or guardian, the judge finds that it would be in the best interest of the child, the judge may set reasonable rules of parental visitation.

(3m) ORDERS BASED ON EVIDENCE. Dispositional orders under s. 48.343 or 48.344 shall be based upon the evidence except this subsection does not require a dispositional hearing for the disposition of an uncontested citation.

(4) TERMINATION OF ORDERS. All orders under this section shall terminate at the end of one year unless the judge specifies a shorter period of time. Extensions or revisions shall terminate at the end of one year unless the judge specifies a shorter period of time. No extension under s. 48.365 of an original dispositional order may be granted for a child whose legal custody has been transferred to the department under s. 48.34(4m) if the child is 18 years of age or older when the original dispositional order terminates. Any order made before the child reaches the age of majority shall be effective for a time up to one year after its entry unless the judge specifies a shorter period of time.

NOTE: Sub. (4) is shown as amended by chapter 295, laws of 1979, effective July 1, 1981. Chapter 295 added the 3rd sentence commencing "No extension" and ending "terminates."

(5) EFFECT OF COURT ORDER. Any party, person or agency who provides services for the child under this section shall be bound by the court order.

[4] Section 48.34(4m), Stats., provides that the court may:

Transfer legal custody to the subunit of the department administering corrections for placement in a secured correctional facility, but only if:

(a) The child has been found to be delinquent for the commission of an act which if committed by an adult would be punishable by a sentence of 6 months or more; and

(b) The child has been found to be a danger to the public and to be in need of restrictive custodial treatment.

facility unless he has been found to be a danger to the public, a dispositional order cannot be extended unless a further finding of dangerousness is made.

Because the legislature has specifically provided for extension of dispositional orders in sec. 48.365, no extension may be ordered except as set forth in that statute. An extension order can be entered only after compliance with sec. 48.365, which includes a requirement that the court comply with the provisions of sec. 48.355. Neither sec. 48.365 nor sec. 48.355 require a finding of dangerousness. The legislature requires such a finding only when the court initially places a juvenile in a secured setting. R.E.H. asks us to also apply that requirement to the extension of a dispositional order.

When the legislature enacts a statute, it is presumed to act with full knowledge of the existing laws and statutes.[5] This is particularly true when the statutes under consideration are enacted as part of the same piece of legislation. While a determination of delinquency or dangerousness is required at the time of the original dispositional hearing, the legislature has expressed a different purpose in the extension provisions. If the placement has not met the objectives of the treatment, care or rehabilitation as specified in the original dispositional order, or the child's adjustment has not reached the point where the court can terminate control or provide less restrictive control, the dispositional order may be extended.[6] Since the child has already been adjudged delinquent or dangerous, a rehearing on these matters would be redundant. Rather, the purpose of the hearing to extend the dispositional order is to evaluate the child's progress and to determine whether continued control is

---

[5] *Mack v. Joint Sch. Dist. No. 3, Village of Hales Corners*, 92 Wis.2d 476, 285 N.W.2d 604 (1979).

[6] Section 48.365(1)(c), Stats.

necessary. The decision to extend the order is within the discretion of the court and is to be based upon the evidence presented.[7]

Generally, before a court may review matters outside of the statutory language in order to determine an intended meaning, the statute must be unclear or ambiguous.[8] Ambiguity exists in the statute only when reasonably well-informed persons can understand it in two or more different senses.[9] We see no ambiguity or lack of clarity in sec. 48.365. It specifically delineates the parameters of the court's authority in extending dispositional orders. Although it provides due process safeguards for the juvenile, it does not contain any requirement that the state prove the continued dangerousness of the juvenile.

In this instance, the court found that R.E.H. was not willing to abide by the rules of his home, school, or community and was in need of continued strict supervision. The court found that it was not only necessary, but also in R.E.H.'s best interest, to continue the commitment to Lincoln Hills. These findings support the court's exercise of discretion in continuing the commitment of R.E.H. and are not against the great weight and clear preponderance of the evidence.

*By the Court.*—Order affirmed.

---

[7] Section 48.365, Stats.

[8] *State v. Tollefson,* 85 Wis.2d 162, 270 N.W.2d 201 (1978).

[9] *Wirth v. Ehly,* 93 Wis.2d 433, 287 N.W.2d 140 (1980).