IN the INTEREST OF R.H., Jr., a person under the age of 18: R.H., Appellant,†

v.

DANE COUNTY DEPARTMENT OF SOCIAL SER-VICES, and State of Wisconsin, Respondents.

Court of Appeals

*No. 89-0715. Submitted on briefs November 10, 1989.—Decided June 21, 1990.*

(Also reported in 458 N.W.2d 576.)

For the appellant the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender, of Madison.

†Petition to review denied.

161

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, by *Donald P. Johns,* assistant attorney general, of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. R.H., Sr., appeals from an order under sec. 48.365, Stats., extending supervision of the Dane County Department of Social Services over his son. The child was found to be in need of protection or services and placed under the department's supervision pursuant to sec. 48.13(8), Stats., because his father was incarcerated and his mother was dead.[1] The father claims that when he was released from prison the court could only terminate the dispositional order.

The dispositional order, filed June 8, 1987, provided: "Conditions to be met for return of the child to the parental home are the father's release from prison *with the successful completion of the drug treatment program.*" (Emphasis added.) Because the father did not successfully complete the prison drug treatment program, the juvenile court, under sec. 48.365, Stats., extended the department's supervision over the child, upon the court's finding that the father had not made sufficient progress in addressing his chemical dependence. We affirm.

The father makes a number of constitutional and statutory arguments respecting the state's power to interfere in the parent-child relationship. He does not,

_____

[1]Section 48.13, Stats., provides:

The court has exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court, and:

. . ..

(8) Who is receiving inadequate care during the period of time a parent is missing, incarcerated, hospitalized or institutionalized;

however, deny that the state has authority to assume jurisdiction over a child in need of protection or services, if that need is established by clear and convincing evidence and according to procedures which protect the due process rights of the parent and the child. He does not claim that the state lacked grounds to assume jurisdiction over his son or that, in doing so, the state followed procedures which denied him or his son procedural due process.

The father contends, however, that "a CHIPS adjudication predicated upon a parent's unavailability cannot be subsequently expanded to incorporate alleged parental deficiencies that have neither been charged nor properly proven in accordance with procedural safeguards imposed by the legislature." To understand the father's contention, it is helpful to put what happened here in the context of the statute under which the juvenile court acquired jurisdiction over the child, sec. 48.13, Stats., the statute under which the juvenile court judge decided placement and treatment, sec. 48.355, and the statute under which the juvenile court judge extended the dispositional order affecting the child, sec. 48.365.

The father argues that the juvenile court acquired jurisdiction over his son under sec. 48.13(8), Stats., because there was no parent to care for his son, not because his son was receiving inadequate care because of the father's chemical dependence. Now that he is out of prison, the father argues, there is a parent to care for the child and the state's jurisdiction has ended. If the state considers it necessary for the court to assume jurisdiction over his child for some other reason, such as his chemical dependence, it must petition the court to do so under the appropriate provision of sec. 48.13, Stats., and prove the jurisdictional basis by clear and

convincing evidence. Implicit in the father's argument is the assumption that a condition for the child's return to the parent's custody may not be included in a dispositional order under sec. 48.355(1), Stats., unless the need for that condition provides the basis for the court's jurisdiction under sec. 48.13, Stats. We reject the father's argument.

The petition filed under sec. 48.25, Stats., which invokes the juvenile court's jurisdiction, is analogous to a complaint. Although the petition initiates the proceedings, it does not determine the outcome; the evidence determines the outcome.

The allegations of the petition may be admitted or contested at a plea hearing. Sec. 48.30(4), Stats. Here, the father and the child did not contest the petition, and, pursuant to sec. 48.30(6), the court scheduled a dispositional hearing under sec. 48.335, Stats. Section 48.335(5) provides that "[a]t the conclusion of the hearing, the court shall make a dispositional order in accordance with s. 48.355."

The dispositional hearing serves a function wholly different from the plea hearing. The issue which is then before the court is what placement and treatment will serve the best interests of the child and the family. Sec. 48.355(1), Stats.[2] The court's placement and treatment

---

[2]Section 48.355(1), Stats. (1985–86), provides in part:

In any order under s. 48.34 [delinquent child] or 48.345 [child in need of protection or services] the judge shall decide on a placement and treatment finding based on evidence submitted to the judge. The disposition shall employ those means necessary to maintain and protect the child's well-being which are the least restrictive of the rights of the parent or child and which assure the care, treatment or rehabilitation of the child and the family. Wherever possible the family unit shall be preserved and there shall be a policy of transferring custody from the parent only where there is no less drastic alternative.

finding shall be "based on [the] evidence submitted to the judge." *Id.*

At the dispositional hearing, "any party may present evidence relevant to the issue of disposition, including expert testimony, and may make alternative dispositional recommendations." Sec. 48.335(3), Stats. The statute does not require that the court's findings be supported by clear and convincing evidence.

The father presented evidence as to his son's disposition, including evidence as to the father's chemical dependence and his intention to address that problem in the prison drug treatment program. The father did not object to the admission of any of the evidence bearing on his chemical dependence and need for treatment. He did not object to the condition that he successfully complete the prison drug program before his son could be returned to his custody. He did not appeal the dispositional order.

The overwhelming, uncontradicted, unobjected-to evidence established that the father had a serious chemical dependence problem. Section 48.355(1), Stats., empowered the juvenile court to consider that dependence and make a disposition "which assure[s] the care, treatment or rehabilitation of the child *and the family.*" (Emphasis added.) The prison drug program completion condition was not an expansion of the CHIPS adjudication but a condition that the juvenile court was empowered to impose under sec. 48.355(1) to assure rehabilitation of the family.

The juvenile court properly extended its jurisdiction over the child, upon the department's petition under sec. 48.365(1), Stats.[3] "If the placement has not met the

---

[3]Section 48.365(1), Stats., provides:

165

objectives of the treatment, care or rehabilitation as specified in the original dispositional order . . . the dispositional order may be extended." *In Interest of R.E.H.,* 101 Wis. 2d 647, 652, 305 N.W.2d 162, 166 (Ct. App. 1981).

In extending its original dispositional order, the juvenile court had the same broad authority as to the child's care and treatment that it had in determining the child's original disposition. In response to an extension petition under sec. 48.365, Stats., "[a]n order shall be issued under s. 48.355." Sec. 48.365(2m)(a). The evidence before the juvenile court amply supported the juvenile court's finding that it was necessary to continue the present placement, care and treatment of the child, subject to the condition that the father successfully address his chemical dependence before his son is returned to his care and custody.

As to the other conditions of the extension order, the father argues that the children-in-need statutes do not authorize the state to engage in "social engineering." He does not, however, present the respects in which he claims such conditions are not permitted under secs. 48.355 and 48.365, Stats., or are not supported by the evidence presented to the juvenile court under sec. 48.365(2g) and (2m), Stats. We therefore do not address his argument.

*By the Court.*—Order affirmed.

The parent, child, guardian, legal custodian, any person or agency bound by the dispositional order, the district attorney or corporation counsel in the county in which the dispositional order was entered or the court on its own motion, may request an extension of an order under s. 48.355. The request shall be submitted to the court which entered the order. No order under s. 48.355 may be extended except as provided in this section.