**2025 WI 20**

# Supreme Court of Wisconsin



STATE OF WISCONSIN,
*Petitioner-Respondent*,

*v.*

H.C.,
*Respondent-Appellant-Petitioner*.

No. 2023AP1950
Decided June 3, 2025

REVIEW of a decision of the Court of Appeals
Milwaukee County Circuit Court (Joseph R. Wall, J.), No. 2022TP86

REBECCA GRASSL BRADLEY, J., delivered the majority opinion of the Court, in which ZIEGLER, HAGEDORN, KAROFSKY, and PROTASIEWICZ, JJ., joined. ANN WALSH BRADLEY, C.J., filed a concurring opinion, in which DALLET, J., joined.

¶1    REBECCA GRASSL BRADLEY, J.    Under WIS. STAT. § 48.426(2) (2021–22),[1] the circuit court's prevailing consideration during the dispositional phase of a termination of parental rights (TPR) proceeding is the "best interests of the child." The statute makes no mention of a burden of proof placed on the State or any other party. Appealing an order terminating her parental rights, H.C. argues the Due Process Clause of the

---

[1] All subsequent references to the Wisconsin Statutes are to the 2021–22 version unless otherwise indicated.

Fourteenth Amendment[2] and public policy considerations require the State to prove by clear and convincing evidence—or at least a preponderance of the evidence—that termination is in the best interests of the child. We reject H.C.'s arguments and affirm the court of appeals' mandate, which leaves the circuit court's TPR order undisturbed.

¶2      The circuit court determined it was in the best interests of the child to terminate H.C.'s parental rights. The court of appeals affirmed, identifying no error in the circuit court's exercise of "ultimate discretion in the decision to terminate parental rights." Nonetheless, the court of appeals asserted that during the dispositional phase of a TPR proceeding, due process requires a child's best interests be proven by a preponderance of the evidence and the burden of proof is shared by all parties.

¶3      While we agree the circuit court's order to terminate H.C.'s parental rights should be affirmed, we hold the best interests of the child governing the dispositional phase of a TPR proceeding constitutes a discretionary determination by the circuit court and the statute places no burden of proof on a particular party. Neither the Due Process Clause nor applicable statutory law impose a burden of proof during the dispositional phase of a TPR proceeding.[3]

I

¶4      Since birth, H.C. has not addressed her son John's[4] exceptional medical, developmental, behavioral, and emotional needs, which stem from global development delays, seizures, abnormal brain activity, dysplasia, optic nerve pallor, failure to thrive, congenital cysts, microcephaly, and autism, among other conditions. The record is replete with instances of H.C.'s failure to seek and provide the specialized care John

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1.

[3] We affirm the court of appeals because we reach the same conclusion regarding this case's disposition: the circuit court committed no error when it terminated H.C.'s parental rights. Because the court of appeals' due process analysis was flawed, however, we reject it.

[4] John is a pseudonym used for H.C.'s son because he shares her initials.

required. Additionally, by John's second birthday, he had suffered numerous incidents of physical abuse and neglect at the hands of H.C.

¶5      H.C. also endured her own abuse and neglect. As an at risk youth subject to a child in need of protection or services (CHIPS) order, H.C. lived in a group home while John was an infant, battled drug addiction, and suffered numerous mental health disorders. She was often reported to leave her group home and sleep in abandoned houses. She has a history of being sex trafficked.

¶6      After numerous unsuccessful attempts by Division of Milwaukee Child Protective Services workers to help H.C. adequately care for John, the circuit court ordered that John be taken into custody at the age of two. After John was removed from H.C.'s care, he was found to be in need of protection or services and the court entered a CHIPS dispositional order. Numerous conditions required H.C. to address her addiction and mental health before regaining custody of John.

¶7      Just after John's fourth birthday, the State filed a petition to terminate H.C.'s parental rights, stating continuing CHIPS and a failure to assume parental responsibility as grounds for termination. According to the TPR petition, H.C. had not adequately addressed her struggles with addiction and mental health. She did not follow through with a referral for parenting services, visited John only sporadically, and did not attend John's medical appointments. H.C. continued to live in a group home, was not living independently, and showed no understanding of or ability to care for John's complex needs.

¶8      H.C. pled no contest to the continuing CHIPS ground alleged in the TPR petition. Months later, the circuit court held a grounds hearing and found by clear and convincing evidence that H.C. was an unfit parent under WIS. STAT. § 48.424(4). The court then immediately proceeded to the dispositional hearing.[5]

¶9      During the dispositional hearing, the circuit court heard testimony from John's foster mother, his former case manager, and his current case manager. The court also heard directly from the State's

---

[5] By the time of the grounds and dispositional hearings, John was more than five years old.

counsel, the guardian ad litem (GAL), and H.C.'s counsel. After weighing the WIS. STAT. § 48.426(3) factors in light of the best interests of the child, the court determined termination of H.C.'s parental rights was "unquestionably" in John's best interests. The court also concluded that even if the State bore the burden of proving termination was in the child's best interests by a preponderance of the evidence or clear and convincing evidence, "the State has certainly met those two burdens here, and gone beyond them, certainly. It's really an overwhelming situation."

¶10 On appeal, the court of appeals affirmed the circuit court's decision to terminate H.C.'s parental rights because "the circuit court did not erroneously exercise its discretion when it found that it was in John's best interest to terminate H.C.'s parental rights." *State v. H.C.*, No. 2023AP1950, unpublished slip op., ¶2 (Wis. Ct. App. Mar. 5, 2024). In response to H.C.'s argument that due process required the State to prove by clear and convincing evidence that termination was in John's best interests, the court of appeals concluded, "each party bears the burden to show by a preponderance of the evidence that its desired outcome—be it termination or preservation of parental rights—is in the best interest of the child." *Id.*, ¶¶16, 35.

¶11 The court of appeals relied on *Santosky v. Kramer*, 455 U.S. 745 (1982). *H.C.*, No. 2023AP1950, at ¶26. In that case, the Supreme Court identified three factors—previously specified in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)—influencing the standard of proof by which the State must establish parental unfitness during the grounds phase of a TPR proceeding: "the private interests affected by the proceeding; the risk of error created by the State's chosen procedure; and the countervailing governmental interest supporting use of the challenged procedure." *Santosky*, 455 U.S. at 754 (citing *Mathews*, 424 U.S. at 335). Applying those three factors to the grounds phase of a TPR proceeding, the Court held the Due Process Clause requires the State to prove grounds for termination with clear and convincing evidence. *Id.* at 747–48, 769.

¶12 Applying *Santosky*, the court of appeals in this case concluded, "due process requires that the best interest of the child be proven by a preponderance of the evidence at the dispositional phase of a proceeding to terminate parental rights." *H.C.*, No. 2023AP1950, at ¶34. Departing from *Santosky*, the court decided "this burden is not solely placed on the State. . . . [I]t [is] a common burden of proof wherein each party bears the burden to show by a preponderance of the evidence that its desired outcome . . . is in the best interest of the child." *Id.*, ¶35.

II

¶13    Whether the statutory scheme governing the dispositional phase of a TPR proceeding imposes a particular burden of proof is a matter of statutory interpretation this court reviews de novo. *See St. Croix Cnty. Dep't of Health & Hum. Servs. v. Michael D.*, 2016 WI 35, ¶15, 368 Wis. 2d 170, 880 N.W.2d 107. Whether that statutory scheme comports with the Constitution presents a question of law this court also reviews de novo. *Eau Claire Cnty. Dep't of Hum. Servs. v. S.E.*, 2021 WI 56, ¶14, 397 Wis. 2d 462, 960 N.W.2d 391.

III

¶14    A circuit court's decision to terminate parental rights permanently severs "all rights, powers, privileges, immunities, duties and obligations existing between parent and child." WIS. STAT. § 48.40(2). The Children's Code, Chapter 48 of the Wisconsin Statutes, governs. The filing of a petition to terminate parental rights initiates a TPR proceeding. WIS. STAT. § 48.42(1). The petition must allege one or more of the grounds for involuntary termination of parental rights listed in § 48.415, along with a statement of facts. § 48.42(1)(c)2. The parent must be personally served, § 48.42(2), and a hearing on the petition must be held within 30 days. WIS. STAT. § 48.422(1). At the hearing, the court informs the parties of their rights, and the parties tell the court whether they intend to contest the petition. *Id.* If the petition is not contested, the court must nonetheless hear testimony in support of termination. § 48.422(3). Before accepting an admission of the alleged facts, the court must address the parent to determine whether the admission is made voluntarily and with an understanding of the nature of the acts alleged and the potential dispositions. § 48.422(7).

¶15    A parent who contests a TPR petition is entitled to a fact-finding hearing—commonly referred to as the "grounds" phase—during which the court determines whether grounds exist for termination of parental rights. WIS. STAT. §§ 48.422(2), 48.424(1)(a). Any party may request a jury trial, § 48.422(4); traditional rules of evidence apply, WIS. STAT. § 48.299(4)(a); and the State must prove its allegations during this phase by clear and convincing evidence, WIS. STAT. § 48.31(1). If grounds for termination are found, then "the court shall find the parent unfit," unless the court determines the evidence does not warrant termination, in which case it may dismiss the petition. WIS. STAT. §§ 48.424(4), 48.427(2).

¶16   Upon finding a parent unfit during the grounds phase, the court then holds a dispositional hearing to decide whether parental rights should be terminated. WIS. STAT. § 48.424(4). Even though the parent has already been found unfit during the grounds phase, during the dispositional hearing the court considers whether terminating parental rights is in the "best interests of the child." WIS. STAT. § 48.426(2). In doing so, the court considers any report submitted by an agency and weighs numerous statutory factors.[6] § 48.426. Any party may present relevant evidence[7] and make alternative dispositional recommendations. WIS. STAT. § 48.427(1). In addition to the parties' presentation of evidence relevant to disposition, the court must afford the child's foster parent or other physical

---

[6] WISCONSIN STAT. § 48.426 outlines the considerations, standard, and factors used by a court during the dispositional phase. It provides as follows: "[i]n making a decision about the appropriate disposition under s. 48.427, the court shall consider the standard and factors enumerated in this section and any report submitted by an agency under s. 48.425." § 48.426(1). The statute directs, "[t]he best interests of the child shall be the prevailing factor considered by the court." § 48.426(2). The factors used to determine the best interests of the child include, but are not limited to:

> (a) The likelihood of the child's adoption after termination.
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
> (d) The wishes of the child.
> (e) The duration of the separation of the parent from the child.
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

WIS. STAT. § 48.426(3).

[7] Neither common law nor statutory rules of evidence are enforced during a dispositional hearing, except for relevance and materiality. WIS. STAT. § 48.299(4)(b). "[T]he court shall admit all testimony having reasonable probative value," including hearsay evidence, "if it has demonstrable circumstantial guarantees of trustworthiness." *Id*.

custodian "a right to be heard." § 48.427(1m). After hearing evidence, the court decides whether it is in the best interests of the child to dismiss the petition or enter an order terminating parental rights. § 48.427(2)–(3).

¶17 Relying on *Santosky*'s application of the three *Mathews* factors to the grounds phase of a TPR proceeding, H.C. principally argues constitutional due process requires the State to prove by clear and convincing evidence that termination is in the best interests of the child during the dispositional phase. Also relying on the *Mathews* factors, the court of appeals concluded due process imposes a preponderance of the evidence burden, shared by the parties. Both H.C. and the court of appeals misapply the *Mathews* factors to suggest procedural due process requires something more than what the statutes specify: a disposition in the child's best interests.

¶18 Due process is not a fixed legal rule and "perhaps can never be[] precisely defined." *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 24 (1981). Its procedural protections depend on the demands of a particular situation and account for the "governmental and private interests that are affected." *Mathews*, 424 U.S. at 334. While the "specific dictates of due process generally require[] consideration" of the three *Mathews* factors, *id.* at 334–35, the "nature of the relevant inquiry" and "the fairness and reliability of [] existing [] procedures" and "procedural safeguards" are also considered. *Id.* at 343. At its core, due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

¶19 *Santosky* did not change the due process analysis. It merely assessed the competing interests at stake during the grounds phase of a TPR proceeding through the lens of the *Mathews* factors and determined the State must prove parental unfitness by clear and convincing evidence. *Santosky*, 455 U.S. at 759–68. Notably, *Santosky* explicitly limits its holding to the factfinding grounds phase of a TPR proceeding. *Id.* at 760 ("After the State has established parental unfitness . . . , the court may assume at the *dispositional* stage that the interests of the child and the natural parents do diverge."). The United States Supreme Court has never suggested due process mandates a burden of proof during the dispositional phase of a TPR case, during which no factfinding occurs.

¶20 Standards of proof exist within the "realm of factfinding" to "'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of *factual* conclusions for a

particular type of adjudication.'" *Addington v. Texas*, 441 U.S. 418, 423 (1979) (emphasis added) (quoting *In re Winship*, 397 U.S. 358, 370 (1970) (Harlan, J., concurring)). At the dispositional hearing, the circuit court does not find facts—it makes a discretionary decision to terminate parental rights, or not. Whatever the court decides, the outcome must be in the child's best interests, after the court considers such statutory factors as the likelihood of the child's adoption after termination, whether the child has a substantial relationship with the parent, and how long the child has been separated from his parent. WIS. STAT. § 48.426(3). The very nature of the dispositional hearing does not lend itself to standards of proof, which exist in the realm of factfinding.

¶21 Both the court of appeals and H.C. formulaically apply the *Mathews* factors to the dispositional phase, failing to account for the bifurcated nature of a TPR proceeding. During the grounds phase, the State carries the burden to *prove* a parent unfit by clear and convincing evidence. WIS. STAT. § 48.31(1). Once the State meets its burden and the court finds a parent unfit, the circuit court "shall consider" the best interests of the child with the factors enumerated in WIS. STAT. § 48.426(3) in determining whether to terminate parental rights. WIS. STAT. § 48.426(1). At that point, the proceeding no longer lies within the realm of factfinding.

¶22 Upon reaching the dispositional phase, the private interests of the parties shift dramatically, and the requisite procedural safeguards reflect that shift. While "in general, the party invoking the judicial process in its favor bears the burden of production and persuasion," *Richards v. First Union Securities, Inc.*, 2006 WI 55, ¶17, 290 Wis. 2d 620, 714 N.W.2d 913, the State has already met that burden during the grounds phase—the factfinding portion of a TPR proceeding. Due process considerations do not require the circuit court to again place the parent's interests above, or even on an equal footing with, the child's best interests. Upon a finding of parental unfitness, the best interests of the child prevail.

¶23 The shifting of the parties' interests after the grounds phase is reflected in the statutory procedural differences between the factfinding hearing and the dispositional hearing. From the filing of the TPR petition through the conclusion of the factfinding hearing, the statutes provide a parent with significant procedural safeguards. Before a factfinding hearing, a parent must be personally served and the court must hold a plea hearing. Even if the parent does not contest the asserted grounds for termination of parental rights, the circuit court must hear testimony in support of grounds for termination and "make such inquiries as satisfactorily establish there is

a factual basis for the admission." WIS. STAT. § 48.422(3), (7). If contested, a parent may request a jury trial on grounds, traditional rules of evidence apply, and the State bears a heightened, clear and convincing burden of proof. As this court has explained, prior to disposition "'the parent's rights are paramount.'. . . [T]he burden is on the government, and the parent enjoys a full complement of procedural rights." *Sheboygan Cnty. Dep't of Health & Hum. Servs. v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402 (quoting *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶22, 246 Wis. 2d 1, 629 N.W.2d 768).

¶24 The factfinding hearing resembles a traditional adversarial proceeding, pitting the petitioner against the allegedly unfit parent. The State's failure to carry its burden to prove the parent unfit by clear and convincing evidence results in dismissal. Once the State has proven a parent unfit, the Constitution does not obligate the State to prove by clear and convincing evidence (or even a preponderance of the evidence) that termination is in the child's best interests.

¶25 In contrast to the grounds phase of a TPR case, the dispositional hearing bears little resemblance to an adversarial proceeding. Unlike the factfinding hearing, "any" party may present evidence at disposition. The circuit court may hear statements from certain individuals, such as foster parents and physical custodians, and the court considers any child welfare agency reports. Only basic principles of relevance and materiality constrain the presentation of evidence. After considering all the statements, reports, and evidence bearing on the child's best interests, the court may dismiss the petition if the court determines termination of parental rights is not in the child's best interests.

¶26 The discretionary standard governing the circuit court's dispositional decision is akin to the discretionary standard for criminal sentencing, for which no party bears a particular burden of proof. *See State v. Hubert*, 181 Wis. 2d 333, 345, 510 N.W.2d 799 (Ct. App. 1993). Similar to a TPR disposition, sentencing occurs during the second half of a bifurcated process after the State carries its heightened burden of proof at trial; traditional rules of evidence do not apply, *see State v. Scherreiks*, 153 Wis. 2d 510, 521–22, 451 N.W.2d 759 (Ct. App. 1989); the sentencing court considers a report (the presentence investigation report) before making its decision, WIS. STAT. § 972.15; the sentencing court gives nonparties, such as victims, the ability to make statements to the court, WIS. STAT. § 972.14(3)(a); and the sentencing court must consider and weigh certain factors, *see State v. Gallion*, 2004 WI 42, ¶¶40–41, 270 Wis. 2d 535, 678 N.W.2d 197.

¶27 Both criminal sentencing and TPR disposition occur *after* the factfinding stage of each underlying proceeding. Once the factfinder finds criminal guilt or grounds for termination, respectively, the circuit court has discretion to determine the appropriate statutorily prescribed constitutional deprivation. At sentencing, the defendant has already been found guilty beyond a reasonable doubt—establishing grounds for punishment. At disposition, the parent has already been found unfit by clear and convincing evidence—establishing grounds for termination of parental rights. The constitutionally required procedural safeguards protecting a parent's interests during the grounds phase logically end once the State establishes the parent's unfitness. At that point, the child's best interests become the court's paramount consideration as a matter of law. *See* WIS. STAT. §§ 48.426(2); 48.01(1).

¶28 H.C.'s argument under the Due Process Clause would effectively force a circuit court to disregard the child's best interests if the State does not meet a certain standard of proof. If the GAL's evidence or a foster parent's statement establishes the best interests of the child, H.C.'s argument would compel the court to dismiss the petition because *the State* did not introduce the evidence. Due process is not measured by such rigid and inflexible rules, and the Due Process Clause does not hinder the court from following the legislative directive to consider the child's best interests as paramount at disposition. Once the court makes a finding of unfitness, the interests at stake shift and the best interests of the child exceed the interests of any other party.

¶29 That is not to say due process is disregarded at the dispositional phase merely because the circuit court's decision is discretionary. To the contrary, a discretionary standard allows the court to weigh all relevant evidence to determine a child's best interests without regard for which party bore a burden to produce it. A discretionary decision governed by the child's best interests in no way lessens the degree of confidence a court must have in its decision. A proper exercise of discretion requires "examin[ing] the relevant facts, appl[ying] a proper standard of law, and using a demonstrative rational process" to "reach[] a conclusion that a reasonable judge could reach." *Lane v. Sharp Packaging Sys., Inc.*, 2002 WI 28, ¶19, 251 Wis. 2d 68, 640 N.W.2d 788 (citing *Paige K.B. ex rel Peterson v. Steven G.B.*, 226 Wis. 2d 210, 233, 594 N.W.2d 370 (1999). The statute specifies numerous factors to guide the court in reaching a decision in the best interests of the child.

¶30 None of the parties argue the statutes require placing a burden of proof on the State (or any party) during a TPR dispositional hearing—and for good reason. Nothing in the statutory text imposes a burden of proving the child's best interests by a preponderance of the evidence or by clear and convincing evidence at disposition. *See* WIS. STAT. §§ 48.426, 48.427; *State v. B.W.*, 2024 WI 28, ¶121, 412 Wis. 2d 364, 8 N.W.3d 22 (Ziegler, C.J., concurring). We reject H.C.'s public policy argument that the gravity of the circuit court's decision necessitates placing a burden of proof on the State. The legislature already made the policy choice to omit a burden of proof in favor of requiring the court to enter a disposition in the child's best interests after hearing from all interested parties. This court interprets the words of the enacted law without adding words to the statute. *State v. Fitzgerald*, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165.

¶31 If neither the Constitution nor public policy requires a heightened burden of proof at disposition, H.C. argues the ordinary burden of proof—a preponderance of the evidence—applies to any civil statute that does not specify one. H.C. cites *T.M.S. v. Rock County Department of Social Services*, 152 Wis. 2d 345, 356, 448 N.W.2d 282 (Ct. App. 1989), for this proposition. In that case, the court of appeals determined the ordinary burden applies to CHIPS dispositional hearings, in the face of statutory silence on the standard of proof. Its reasoning, however, does not extend to TPR dispositional hearings because—unlike the dispositional phase of a TPR proceeding—factfinding is part of the circuit court's dispositional decision in CHIPS cases. *See* WIS. STAT. §48.355(2) ("[T]he judge shall make written findings of fact and conclusions of law based on the evidence . . . to support the disposition ordered."). In contrast, "[a]fter receiving any evidence related to the disposition" during a TPR dispositional hearing, "the court shall enter one of the dispositions specified" in § 48.427(2) to (3p). WIS. STAT. § 48.427(1). At disposition in a TPR matter, no factfinding occurs; accordingly, no party bears any burden of proof.

IV

¶32 We hold that WIS. STAT. § 48.426(2) requires the circuit court to decide, in its discretion, whether termination of parental rights is in the best interests of the child, without imposing a burden of proof on any party. The Due Process Clause does not require one. The circuit court in this case applied the correct standard of law in deciding, in its discretion, that John's best interests were served by terminating H.C.'s parental rights. The court of appeals incorrectly concluded the parties share a common burden to

prove the child's best interests at disposition by a preponderance of the evidence.

*By the Court.*—The decision of the court of appeals is affirmed.

ANN WALSH BRADLEY, C.J., with whom REBECCA FRANK DALLET, J., joins, concurring.

¶33    I agree with the majority opinion that the circuit court's order terminating H.C.'s parental rights should be affirmed.  As the majority opinion observes, the circuit court here indicated that "even if the State bore the burden of proving termination was in the child's best interests by a preponderance of the evidence or clear and convincing evidence, 'the State has certainly met those two burdens here, and gone beyond them, certainly.  It's really an overwhelming situation.'"  Majority op., ¶9.  I agree with the circuit court's assessment.

¶34    However, I part ways with the majority's conclusion that there is "no burden of proof on a particular party" at the dispositional phase of a termination of parental rights (TPR) proceeding.  *See id.*, ¶3.  In arriving at this conclusion the majority charts a course away from the approach of our sister states and instead makes Wisconsin a national outlier.  Although I agree with the majority opinion that neither due process nor public policy requires a clear and convincing evidence burden in this situation, in my view, the general civil burden of preponderance of the evidence should apply, and such a burden should be on the petitioner.  Accordingly, I respectfully concur.

¶35    The question of the proper burden of proof (if any) at the dispositional phase of a TPR proceeding has been percolating in this court and the court of appeals for several years.[1]  Although previous courts that were presented the issue did not ultimately resolve it, the court today makes a conclusive determination that "the best interests of the child governing the dispositional phase of a TPR proceeding constitutes a discretionary determination by the circuit court and the statute places no burden of proof on a particular party."  *Id.*, ¶3.

¶36    The majority is half right.  Of course, it is a discretionary determination.  But that does not mean the door is shut on review.  Rather,

---

[1] *See State v. B.W.,* 2024 WI 28, ¶6 n.4, 412 Wis. 2d 364, 8 N.W.3d 22; *State v. A.G.,* 2023 WI 61, ¶58 n.3, 408 Wis. 2d 413, 992 N.W.2d 75 (Dallet, J., dissenting); *see also* Christopher R. Foley, *Left in the Dark:* State v. A.G. *& Burden of Proof in Involuntary TPR Dispositional Hearings*, WIS. LAW., July/Aug. 2024, at 26.

it simply means that unless the circuit court makes an error of law or fact, we will defer to the discretion of the circuit court.

¶37     This court has "previously identified two different burdens of proof that apply in civil actions: 'fair preponderance of the evidence' and 'clear and convincing evidence.'" *State v. West*, 2011 WI 83, ¶76, 336 Wis. 2d 578, 800 N.W.2d 929 (quoting *State v. Walberg*, 109 Wis. 2d 96, 102, 325 N.W.2d 687 (1982)).  The preponderance standard "applies in ordinary civil actions," while the clear and convincing standard applies in cases where public policy demands a higher standard of proof than that applied in the ordinary civil action.[2] *Walberg*, 109 Wis. 2d at 102.

¶38     The part the majority gets wrong is its declaration that there is no burden of proof.  It arrives at this conclusion due to the bifurcated nature of TPR proceedings.  In the grounds phase, the clear and convincing burden applies.  *See* WIS. STAT. § 48.31(1).  But in the majority's view, "[o]nce the State has proven a parent unfit, the Constitution does not obligate the State to prove by clear and convincing evidence (or even a preponderance of the evidence) that termination is in the child's best interests."  Majority op., ¶24.  Public policy does not require a heightened burden and there cannot be a preponderance standard, the majority posits, because there is no factfinding at the dispositional phase of a TPR case.  *Id.*, ¶¶30–31.

¶39     In reaching its conclusion that there is no burden in the present situation, the majority observes that nothing in the relevant "statutory text imposes a burden of proving the child's best interests by a preponderance of the evidence or by clear and convincing evidence at disposition."  *Id.*, ¶30; WIS. STAT. §§ 48.426, 48.427.  True enough.  But this assertion provides little support for the majority's analysis because a burden of proof will often not be listed specifically in a statute.  Indeed, "the degree of proof required in a particular type of proceeding 'is the kind of question which has traditionally been left to the judiciary to resolve.'"

---

[2] For example, clear and convincing evidence "has been required in such cases as fraud, undue influence, and prosecutions of civil ordinance violations which are also crimes under state law."  *State v. Walberg*, 109 Wis. 2d 96, 102, 325 N.W.2d 687 (1982).  Additionally, due process may require clear and convincing evidence where a fundamental liberty interest is at stake.  *Steven V. v. Kelley H.*, 2004 WI 47, ¶¶22–23, 271 Wis. 2d 1, 678 N.W.2d 856; *Santosky v. Kramer*, 455 U.S. 745, 747–48 (1982).

*Santosky v, Kramer*, 455 U.S. 745, 755–56 (1982) (quoting *Woodby v. INS*, 385 U.S. 276, 284 (1966)).[3]

¶40    I agree with the majority that neither due process nor public policy demands the application of a clear and convincing burden at disposition.  By the time a TPR case advances to disposition, the parent has already been found unfit by clear and convincing evidence.  This finding does not extinguish a parent's interest in raising a child, but it does diminish it. *See id.* at 760, 766–67.  However, contrary to the majority opinion, I would resolve the issue by concluding that the burden in the dispositional phase of a TPR proceeding is on the petitioner to demonstrate the best interests of the child by a preponderance of the evidence.

¶41    As a starting point for the analysis, applying a burden simply makes sense.  A determination of the best interests of the child cannot exist in a vacuum, devoid of any analysis determining which evidence is more persuasive.  Instead it rests on the circuit court assessing credibility, weighing the evidence, and arriving at a determination that is supported by the greater weight of the credible evidence, also known as the preponderance of the evidence.

¶42    The preponderance of the evidence burden additionally makes sense in the present context due to the nature of the best interests determination.  A best interests determination is binary.  That is, when the circuit court makes such a determination it chooses between two options: that termination is in the child's best interests or that termination is not in the child's best interests. *See* WIS. STAT. § 48.427(2)–(3); *Oneida Cnty. Dep't of Soc. Servs. v. Therese S.*, 2008 WI App 159, ¶16, 314 Wis. 2d 493, 762 N.W.2d 122.  When deciding between two options, intuitively the one the court must choose is the one which the evidence more heavily supports.  By instituting a preponderance burden, I would make explicit what the majority establishes implicitly—that the "greater weight of the credible evidence" must support the best interests finding. *See* Wis. JI—Civil 200 (2004).

---

[3] *See also Marquez v. Mercedes-Benz USA, LLC*, 2012 WI 57, ¶¶38–39, 341 Wis. 2d 119, 815 N.W.2d 314 (indicating that when the text of a statute is silent as to the burden of proof, the court's "determination of the appropriate burden of proof is influenced by the purposes and policies of the statute").

¶43 Because of the binary nature of the best interests determination, the majority opinion's analogy to criminal sentencing is inapposite. *See* majority op., ¶¶26–27. At sentencing, the circuit court is presented with a range of options rather than a binary choice. *See State v. Gallion*, 2004 WI 42, ¶44, 270 Wis. 2d 535, 678 N.W.2d 197; *see also* WIS. STAT. § 939.50(3) (setting forth the permissible range of fines and imprisonment for each level of felony).

¶44 The analogy also does not work because of the nature of the respondent's right at stake. The majority is correct that in a criminal sentencing proceeding, "the defendant has already been found guilty beyond a reasonable doubt—establishing grounds for punishment." Majority op., ¶27. As a consequence, a "valid criminal conviction and a prison sentence extinguish a defendant's right to freedom from confinement." *Winnebago County v. Christopher S.*, 2016 WI 1, ¶39, 366 Wis. 2d 1, 878 N.W.2d 109 (quoting *Vitek v. Jones*, 445 U.S. 480, 493 (1980)) (internal quotations omitted). However, a similar "extinguishing" of the fundamental right to parent is not occasioned by a finding of parental unfitness. Such a right is certainly diminished by a finding of unfitness at the grounds phase of a TPR proceeding, but it certainly is not reduced to nothing. *See Santosky*, 455 U.S. at 760. There remains the possibility that parental rights will not be terminated despite the finding of unfitness.

¶45 I additionally observe that the preponderance burden is consistent with the "purposes and policies" of the TPR statutes. *See Marquez v. Mercedes-Benz USA, LLC*, 2012 WI 57, ¶¶38–39, 341 Wis. 2d 119, 815 N.W.2d 314. Although WIS. STAT. § 48.01(1) instructs that "the best interests of the child . . . shall always be of paramount consideration" when construing chapter 48, that same section also instructs that "preserv[ing] the unity of the family" is a "paramount goal" of chapter 48. § 48.01(1)(a). A preponderance burden allows the unfit parent and child to share the risk of error roughly in equal fashion, which acknowledges that the parent retains an interest at disposition but also supports the stated purpose of chapter 48—the child's best interests.

¶46 As stated, the grounds phase is subject to a clear and convincing burden. This higher burden protects the parent's fundamental rights. However, once grounds are established, the parent's interest is diminished. Yet there is still a substantial risk of error without a burden of proof. First, an objective preponderance standard encourages uniformity in circuit court dispositional decisions. Second, the child also has an interest in avoiding an error that would sever their natural family. *See* WIS. STAT.

§ 48.01(1)(a). Finally, a disparity of resources will often exist between the parent and the State. An evidentiary burden would serve to level the playing field. *See Santosky*, 455 U.S. at 763–64.

¶47 Contrary to the majority's false dichotomy, a conclusion that the best interests determination is discretionary does not preclude the application of a burden of proof. Indeed, burdens of proof do not replace the discretion afforded to circuit courts. They merely inform the court what level of confidence it must have before exercising its discretion in a certain way. Discretionary determinations and burdens of proof coexist in other areas of the law, and there is no reason why they cannot here as well.[4]

¶48 Further, applying a preponderance burden to the dispositional phase would put Wisconsin in good company. The list of states applying a burden of proof to the best interests finding is significant. For example, the Arizona Supreme Court has determined that in its statutory scheme, as I would determine with regard to ours, grounds for terminating parental rights must be established by clear and convincing evidence and best interests by a preponderance of the evidence. *Kent K. v. Bobby M.*, 110 P.3d 1013, 1018 (Ariz. 2005). The preponderance burden likewise applies to the best interests determination in Illinois, Michigan, Missouri, and Washington. *People v. Brenda T.*, 818 N.E.2d 1214, 1228 (Ill. 2004); *In re Moss*, 836 N.W.2d 182, 190 (Mich. Ct. App. 2013); *In re B.H.*, 348 S.W.3d 770, 776 (Mo. 2011); *Matter of Welfare of D.E.*, 469 P.3d 1163, 1171 (Wash. 2020).

¶49 A number of states go further and require that a best interests finding be supported by clear and convincing evidence. *See, e.g., D.H. v.*

---

[4] *See, e.g., State ex rel. Warren v. Schwarz*, 211 Wis. 2d 710, 726, 566 N.W.2d 173 (Ct. App. 1997) ("Although DOC has the burden of proving the alleged probation violation by a preponderance of the evidence at the revocation hearing, on appeal challenging the division's decision to revoke, the probationer has the burden of proving the decision was arbitrary and capricious, that is, that the division did not properly exercise its discretion."); *R.E.H. v. State*, 101 Wis. 2d 647, 653, 305 N.W.2d 162 (Ct. App. 1981) ("The court found that it was not only necessary, but also in R.E.H.'s best interest, to continue the commitment to Lincoln Hills. These findings support the court's exercise of discretion in continuing the commitment of R.E.H. and are not against the great weight and clear preponderance of the evidence.").

*State Dep't of Hum. Res.*, 600 So. 2d 273, 277 (Ala. Civ. App. 1992); *Woodruff v. Keale*, 637 P.2d 760, 770 (Haw. 1981); *In re Adoption of Jayden G.*, 70 A.3d 276, 296 (Md. 2013); *In re Termination of Parental Rts. as to N.J.*, 8 P.3d 126, 133 (Nev. 2000); *In Interest of A.D.*, 416 N.W.2d 264, 267 (S.D. 1987); *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007); *In re N.L.*, 207 A.3d 475, 479 (Vt. 2019). By stating that there is no burden at all at the dispositional phase, the majority places Wisconsin in the distinct minority of states that have addressed the question.

¶50 Having determined that the proper burden here is preponderance of the evidence, the question becomes who should bear the burden. As is the general rule, such a burden should fall exclusively on the petitioner who seeks termination. Generally, "the party invoking the judicial process in its favor bears the burden of production and persuasion." *Richards v. First Union Secs., Inc.*, 2006 WI 55, ¶17, 290 Wis. 2d 620, 714 N.W.2d 913; *Loeb v. Bd. of Regents of Univ. of Wis.*, 29 Wis. 2d 159, 164, 138 N.W.2d 227 (1965) ("A party seeking judicial process to advance his position carries the burden of proof.").

¶51 In sum, I would place the burden in the dispositional phase of a TPR proceeding on the petitioner to demonstrate the best interests of the child by a preponderance of the evidence. Such a conclusion simply makes intuitive sense, is in harmony with the purpose of chapter 48, and is consistent with the approach taken by the majority of other states addressing the question.

¶52 For the foregoing reasons, I respectfully concur.