COURT OF APPEALS
DECISION
DATED AND FILED

August 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP551**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022TP166

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO S.L.L., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

S.L.L.,

      RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

¶1 GEENEN, J.[1] Steve appeals from the circuit court order terminating his parental rights to Sean after finding that the termination of those rights was in Sean's best interests.[2] Steve raises two issues on appeal. He first argues that WIS. STAT. § 48.426, the statutory scheme controlling the best interests determination in a termination of parental rights (TPR) proceeding, violates procedural due process by not requiring the State to prove by clear and convincing evidence—or alternatively, by a preponderance of the evidence—that termination of parental rights is in the best interests of the child. Steve also argues that the circuit court's entry of a protective order shielding the proposed adoptive resource's identity at the dispositional hearing constituted an erroneous exercise of discretion and violated Steve's due process rights because it compromised his ability to introduce evidence and present a defense.

¶2 We affirm the circuit court's ruling. Our supreme court's recent decision *State v. H.C.*, 2025 WI 20, ¶3, 416 Wis. 2d 233, 21 N.W.3d 330, disposes of Steve's due process challenge to WIS. STAT. § 48.426. *See id.*, ¶3 (holding that "[n]either the Due Process Clause nor applicable statutory law impose a burden of proof during the dispositional phase of a TPR proceeding").[3] On the remaining issue, we conclude that Steve had ample notice of the undisclosed placement and the protective order, but chose not to raise his objections regarding those matters

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] For ease of reading, the family in this confidential matter is referred to using pseudonyms. *See* WIS. STAT. RULE 809.19(1)(g).

[3] The State and Sean's guardian *ad litem* had filed a joint petition for bypass on this issue which our supreme court held in abeyance pending its review and disposition of *State v. H.C.*, No. 2023AP1950, unpublished slip op. (WI App March 5, 2024). Our supreme court subsequently denied the petition to bypass on August 11, 2025.

to the circuit court prior to or during the dispositional hearing, and thus Steve forfeited his right to bring that claim now.

## BACKGROUND

¶3     Sean was removed from the care of his mother, Joan, at five days old, in May 2021 and placed in a foster home. A CHIPS[4] case was initiated and, after a hearing, the circuit court took jurisdiction. At the time, Steve was the alleged father, and resided in Kansas.

¶4     Sean remained in out-of-home care and under the jurisdiction of the CHIPS court when, in September 2022, the State filed a petition to terminate Steve's and Joan's parental rights to Sean.[5] In the petition, the State alleged that Steve failed to assume parental responsibility. Early in the TPR proceedings, the circuit court ordered Steve to participate in genetic testing, appear in person at all court hearings, cooperate with his attorney, and comply with other court orders, or risk being defaulted.

¶5     Although Steve originally contested the grounds allegation, the circuit court struck his contest posture and entered default against him as a sanction after Steve failed to appear in person as ordered at various proceedings,

---

[4] CHIPS is an acronym used "to denote the phrase 'child in need of protection or services' as used in the Wisconsin Children's Code, chapter 48, Stats." **Marinette Cnty. v. Tammy C.**, 219 Wis. 2d 206, 208 n.1, 579 N.W.2d 635 (1998).

[5] While the State also sought to terminate Joan's parental rights, her rights are not at issue in this appeal.

3

including the final pretrial hearing and jury trial. The circuit court then found that grounds existed to terminate Steve's parental rights and declared Steve unfit.[6]

¶6 While the CHIPS and TPR cases were pending, Joan, who it is undisputed suffered from severe untreated mental health issues, engaged in significant and aggressive harassment and threatening behavior toward multiple case workers, visitation workers, and Sean's foster family. The record reflects an escalation of Joan's behavior, which also included kidnapping another of her children from their custodial placement. As Joan's behavior escalated, many of the threatened individuals reasonably feared for their own safety and Sean's safety. The Division of Milwaukee Child Protective Services subsequently filed a Notice of Change of Placement requesting a new, undisclosed placement for Sean. Steve did not object, and the court ordered the placement undisclosed.

¶7 In light of Sean's new undisclosed placement and various parties' desire to preserve that anonymity for the sake of safety, prior to the dispositional hearing, the State asked the circuit court to make arrangements to permit Sean's foster mother to testify while preserving her anonymity. The circuit court entered a protective order that permitted the foster mother to testify by Zoom so that her identity could remain protected. Again, Steve did not object or ask for the foster parent's name or other contact information.

---

[6] Termination of parental rights cases consist of two phases: a grounds phase to determine whether there are grounds to terminate a parent's rights, and a dispositional phase, which determines whether termination is in the child's best interest. *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶¶24-28, 255 Wis. 2d 170, 648 N.W.2d 402. If grounds are found by the court, the parent is found "unfit," WIS. STAT. § 48.424(4), and the case moves to the dispositional phase. *Steven V. v. Kelley H.*, 2004 WI 47, ¶26, 271 Wis. 2d 1, 678 N.W.2d 856. In the dispositional phase, the court decides if it is in the child's best interest that "the parent's rights be permanently extinguished." *Id.*, ¶27; *see* WIS. STAT. § 48.426.

¶8     Steve and the foster mother were among the individuals to testify at the dispositional hearing. Steve's testimony included admissions that he had never provided or paid for any of Sean's material needs or care and that he had never actually met Sean. The foster mother—who was also the proposed adoptive resource—testified about her relationship with Sean, the community in which she lived, her awareness of issues related to transracial adoptions and her beliefs about the importance of family, as well as her concerns about protecting Sean. She was cross-examined by Steve's counsel. Neither Steve nor his counsel expressed any concerns about the ability to cross-examine the foster mother during the hearing.

¶9     After the close of testimony, the circuit court found that the termination of Steve's parental rights was in Sean's best interest under WIS. STAT. § 48.427(3), and entered an order terminating Steve's parental rights.

¶10     Steve filed a notice of appeal. He subsequently filed a motion with this court to remand the appeal back to the circuit court so that he could file a postdisposition motion to vacate the order terminating his parental rights. Although Steve raised no objections to, and alleged no prejudice as a result of, the protective order during the pendency of the TPR case, Steve claimed that the circuit court unlawfully entered the protective order at the dispositional hearing, in violation of Steve's due process rights under the Fourteenth Amendment of the United States Constitution.

¶11     This court granted the motion for remand and Steve subsequently filed a postdisposition motion to vacate the TPR order. Steve claimed that the circuit court erroneously exercised its discretion by not disclosing the identity of the foster mother, and that the nondisclosure of Sean's foster placement in the underlying TPR case failed to comply with the requirements of WIS. STAT.

5

§ 48.355(2)(b)2. Section 48.355(2)(b)2. requires the name and address of a child's CHIPS placement to be furnished to the court and the parent, unless, "[i]f, after a hearing on the issue with due notice to the parent or guardian, the judge finds that disclosure of the identity of the foster parent would result in imminent danger to the child or the foster parent," in which case "the judge may order the name and address of the prospective foster parents to be withheld from the parent or guardian." *Id.* The circuit court denied the motion.

¶12     Steve appeals.

## DISCUSSION

¶13     Steve challenges the protective order barring disclosure of the identity of Sean's foster placement, claiming that it denied him due process at the contested dispositional hearing. However, Steve never objected to the undisclosed placement or protective order during the pendency of the case even though he had ample opportunity to do so.

¶14     "'[F]orfeiture is the failure to make the timely assertion of a right[.]'" *State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (citation omitted). It is a fundamental principle of appellate review that issues must be timely preserved before the circuit court or those issues, even if they are alleged constitutional errors, will be considered forfeited. *State v. Huebner*, 2000 WI 59, ¶¶10, 11 n.2, 235 Wis. 2d 486, 492, 611 N.W.2d 727. Our application of the forfeiture rule is discretionary, and in deciding whether to exercise our discretion to apply or disregard the rule we must consider the important objectives the rule serves. *See State v. Counihan*, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530.

¶15     Timely "[r]aising issues at the [circuit] court level allows the [circuit] court to correct or avoid the alleged error in the first place, eliminating the need for appeal." *Huebner*, 235 Wis. 2d 486, ¶12.  Importantly, "[i]t also gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection." *Id.*  Additionally, "the rule prevents attorneys from 'sandbagging' errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal." *Id.*  Thus, the forfeiture rule "prevents the extra trials and hearings which would result if parties were only required to raise a general issue at the [circuit court] level with the knowledge that the details could always be relitigated on appeal (or on remand) should their original idea not win favor."[7] *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995).

¶16     Here, we apply the forfeiture rule for two main reasons.  First, the protective order for the undisclosed placement was entered into after notice was provided prior to the final pretrial hearing.  Steve did not object to the undisclosed nature of the placement through filings or at subsequent hearings.  Steve also did not seek to limit the scope of the protective order when the State later sought one before the dispositional hearing.  Furthermore, Steve never attempted to obtain any information about the foster placement from the court.  While Steve now claims that the undisclosed placement and protective order prevented him from researching the foster parents before the dispositional hearing, his inaction in

---

[7] Because one of the reasons for the forfeiture rule is to allow the circuit court to consider the issue when it first arises to avoid the necessity of postjudgment or appellate action, the procedural remand which allowed Steve to technically raise the issue before the circuit court in a postjudgment motion, does not change the result here, and we need not affirm the circuit court's decision for the same reason. *See also State v. Earl*, 2009 WI App 99, ¶18 n.8, 320 Wis. 2d 639, 770 N.W.2d 755 ("[W]hen we affirm on other grounds, we need not discuss our disagreement with the [circuit] court's chosen grounds of reliance.").

asking the circuit court for relief that would have—or at least could have—afforded him the information he now claims to seek is both significant and telling.

¶17    Although Steve asserts that we should address his arguments regardless of forfeiture, he fails to provide any argument regarding why we should not deem his arguments forfeited when he had the opportunity but took no action to raise his concerns when this issue was first before the circuit court.

¶18    Second, although Steve makes conclusory assertions that the nondisclosure impeded his defense, he fails to allege any *specific* prejudice. The record reflects that Steve was not limited in his cross-examination of the foster mother. The transcript does not show any objections to the questions Steve asked the foster mother, and Steve does not identify questions he could not ask. There is no apparent prejudice.

¶19    Steve's failure to timely object or raise the issue at or prior to the dispositional hearing forfeits the issue. *See State v. Mercado*, 2021 WI 2, ¶38, 395 Wis. 2d 296, 953 N.W.2d 337. A party cannot sit silently on a potential claim of error and raise it only after the ultimate determination of the case is unfavorable. Forfeiture under these circumstances is consistent with the goals of judicial administration and efficiency. Accordingly, we affirm.

        *By the Court.*—Order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.